**Mary Bessie OWEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50241.**

Court of Criminal Appeals of Texas.

July 23, 1975.

E. D. Forbes, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton, Brady Sparks, and Tom Clayton, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is an appeal from a conviction for the misdemeanor offense of driving and operating a motor vehicle on a public highway while intoxicated, which the proof shows was committed on February 1, 1974. The punishment assessed was confinement in the county jail for thirty days and a fine of fifty dollars.

The appellant urges that this conviction is void because the pleadings do not allege and the proof does not show that the appellant either intentionally, knowingly, recklessly or with criminal negligence committed the offense of driving and operating a motor vehicle on a public highway while intoxicated. She argues that V.T.C.A., Penal Code, Sections 1.03(b) and 6.02 now require that the state allege and prove that an accused had one of these culpable mental states when committing the offense of driving while intoxicated. The contention made here by the appellant is the same as was made by the petitioner in Ex parte Ross, 522 S.W.2d 214 (Tex.Cr.App.1975). This Court in that case rejected the petitioner's contention with a well reasoned explanation which need not be repeated here. The holding in that appeal was that the Legislature by enactment of Sections 1.03(b) and 6.02 of the new Penal Code did not intend to require proof of a culpable mental state in prosecutions for driving

while intoxicated. The appellant's ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.