The STATE of Texas, Appellant

v.

Eleazar SANCHEZ, Appellee

No. 01–96–00012–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

June 20, 1996.

Rehearing Overruled Aug. 6, 1996.

John B. Holems, Jr., Alan Curry, Chris Craft, Houston, for appellant.

William C. Meyer, Houston, for appellee.

Before COHEN, MIRABAL and ANDELL, JJ.

**OPINION**

COHEN, Justice.

Appellee was charged with felony[1] driving while intoxicated[2] (DWI), allegedly committed on August 11, 1995. The trial judge granted appellee's motion to quash the indictment because it did not allege a culpable mental state. Pursuant to TEX.CODE CRIM. PROC. ANN. art. 44.01(a)(1) (Vernon Supp.

---

1. *See* TEX. PENAL CODE ANN. § 49.09(b) (Vernon Supp.1996).

2. *See* TEX. PENAL CODE ANN. § 49.04(a) (Vernon Supp.1996).

**372**

1996), the State appeals. We reverse and remand.

The State contends that the requirement of a culpable mental state does not apply to the offense of DWI. We agree.

In *Chunn v. State*, 923 S.W.2d 728 (Tex. App.—Houston [1st Dist.], 1996, pet. filed), the judge refused to quash a DWI information that did not allege a culpable mental state. *Id.*, at 728. Relying on *Ex parte Ross*, 522 S.W.2d 214 (Tex.Crim.App.1975), and *Reed v. State*, 916 S.W.2d 591 (Tex. App.—Amarillo 1996, pet. ref'd), we affirmed, holding that Penal Code section 6.02[3] does not require proof of a culpable mental state for conviction of DWI. *Id.*, at 728–29. This case is also controlled by *Ex parte Ross*.

As an intermediate appellate court, we are bound to follow *Ross*, even though we find it, as well as *Reed v. State*, unpersuasive. Neither opinion adequately explains why Penal Code section 6.02 does not require that a culpable mental state be alleged and proved in a DWI prosecution. Section 6.02 plainly requires a culpable mental state for offenses within the Penal Code, and section 1.03(b) requires it for offenses outside the Penal Code, as DWI was when *Ross* was decided.

*Ross* and *Reed* have construed these statutes as though they did not exist. However, the legislature, whose intent in enacting sections 1.03 and 6.02 has, we believe, been frustrated, has met many times without enacting legislation to change the rule in *Ross*. *See Marin v. State*, 891 S.W.2d 267, 271–72 (Tex.Crim.App.1994) ("When the Legislature meets, after a particular statute has been judicially construed, without changing that statute, we presume the Legislature intended the same construction should continue to be applied to that statute."). Thus, Texas law

on this subject is well settled, even if erroneously settled, and we must follow it.[4]

We set aside the order quashing the indictment and remand the cause to the trial court.

---

3. TEX. PENAL CODE ANN. § 6.02 (Vernon 1994) provides in part:

(a) Except as provided in Subsection (b), a person does not commit an offense unless he intentionally, knowingly, recklessly, or with criminal negligence engages in conduct as the definition of the offense requires.

(b) If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element.

(c) If the definition of an offense does not prescribe a culpable mental state, but one is nevertheless required under Subsection (b), intent, knowledge, or recklessness suffices to establish criminal responsibility.

4. Effective September 1, 1995, the legislature "plainly dispensed" with the requirement of a culpable mental state for DWI. Thus, the issue presented here will not arise in prosecutions for DWI offenses occurring on or after that date. TEX. PENAL CODE ANN. § 49.11 (Vernon Supp.1996).