**Thomas CHUNN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–95–01300–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 25, 1996.

Concurring Opinion on Petition for
Discretionary Review June 12, 1996.

Discretionary Review Refused
Aug. 28, 1996.

William C. Meyer, Houston, for Appellant.

Calvin Hartman, Houston, for Appellee.

Before O'CONNOR, COHEN and WILSON, JJ.

**OPINION**

O'CONNOR, Justice.

The appellant, Thomas Chunn, was charged with driving while intoxicated (DWI). After the trial court denied his motion to quash, appellant pled nolo contendere and the trial court assessed punishment at one year community supervision and a $250 fine.

On June 20, 1995, appellant was involved in a car accident. After failing a field sobriety test, he was arrested and charged with DWI. In his sole point of error, appellant contends the trial court erred by denying his motion to quash because the indictment did not allege a culpable mental state.

In 1993, the legislature repealed the DWI statute, which had been located in the revised civil statutes, and codified the provision in the Penal Code.[1] The former DWI statute did not require a culpable mental state.

---

1. Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.01, 1993 Tex.Gen.Laws 3586, 3697 (now codified in Tex.Penal Code Ann § 49.04 (Vernon 1994)).

*Beasley v. State*, 810 S.W.2d 838, 840 (Tex. App.—Fort Worth 1991, pet. ref'd). At the time of appellant's arrest, TEX.PENAL CODE ANN. § 49.04 did not specifically require a culpable mental state.

However, appellant argues that when the DWI provisions were moved from the revised civil statutes to the Penal Code they became subject to article 6.02(b), which provides:

> If the definition of an offense does not prescribe a culpable mental state, a culpable mental state is nevertheless required unless the definition plainly dispenses with any mental element.

TEX.PENAL CODE ANN. § 6.02(b).

Effective September 1, 1995, the legislature enacted TEX.PENAL CODE ANN. § 49.11 (1996), which provides "[n]otwithstanding Section 6.02(b), proof of a culpable mental state is not required for conviction of an offense under this chapter."

Appellant argues that from the time the DWI statute was moved to the penal code in 1993 until article 49.11 was enacted in 1995, the offense of DWI required the State to prove a culpable mental element, *i.e.*, intent, knowledge, or recklessness.

In *Reed v. State*, 916 S.W.2d 591, 592 (Tex.App.—Amarillo 1996, pet. filed), the court of appeals addressed the same issue. Citing the analogous case of *Ex parte Ross*, 522 S.W.2d 214, 218 (Tex.Crim.App.1975), the court held that the addition and codification of the DWI statute to the Penal Code did not add a culpable mental state as an essential element of the offense. *Id.* at 593.

In *Ross*, the defendant was convicted under the prior version of the DWI statute in the revised civil statutes. The defendant contended that the subsequent enactment of article 6.02(b) of the Penal Code was intended to require proof of a culpable mental state in order to convict for DWI. 522 S.W.2d at 217–18. The Court of Criminal Appeals rejected this argument for two reasons. First, the court suggested that if the legislature intended to require a culpable mental state, when none had been required previously, it would have specifically amended the statute to include such an element. *Id.* Second, the court concluded that the legislature never intended to require proof of a culpable mental state if one of the essential elements of the offense was voluntary intoxication. *Id.*; *see also Owen v. State*, 525 S.W.2d 164, 164 (Tex.Crim.App.1975).

We do not believe that the legislature intended to require a culpable mental state for the offense of DWI when it moved the DWI statute from the revised civil statutes to the Penal Code in 1993. This was made clear when the legislature passed article 49.11 in 1995. The legislature could not have intended a culpable mental state to apply only to DWI offenses committed from September 1, 1994, to September 1, 1995.

We overrule point of error one.

We affirm the judgment.

COHEN, Justice, concurring on Appellant's Petition for Discretionary Review.

This concurring opinion is issued pursuant to TEX.R.APP.P. 101.

I agree that this case should be affirmed based on *Ex parte Ross*, 522 S.W.2d 214, 217–19 (Tex.Crim.App.1975), but I find *Ross*, as well as *Reed v. State*, 916 S.W.2d 591, 592 (Tex.App.—Amarillo 1996, pet ref'd), unpersuasive. Neither opinion adequately explains why Penal Code sections 6.02(b) and (c) do not require that a culpable mental state be alleged and proved in a prosecution for driving while intoxicated. Section 6.02 plainly requires a culpable mental state for offenses within the Penal Code, and section 1.03(b) requires it for offenses outside the Penal Code, as DWI was when *Ross* was decided.

*Ross* and *Reed* have construed these statutes as though they did not exist. However, the legislature, whose intent in enacting sections 1.03 and 6.02 has been frustrated, has met many times without enacting legislation to change the rule in *Ross*. Thus, I must concede that Texas law on this subject is well settled, even if erroneously settled. I am bound to follow it.

WILSON, J., joins this opinion.