Sanders v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00055-CR







Kevin Lyle Sanders, Appellant



v.



The State of Texas, Appellee







FROM THE COUNTY COURT OF McCULLOCH COUNTY


NO. 7356, HONORABLE RANDY YOUNG, JUDGE PRESIDING







 Kevin Lyle Sanders, appellant, was charged with his second offense of driving while
intoxicated ("DWI"). Tex. Penal Code Ann. § 49.04 (West 1994) (since amended). After the trial court
denied appellant's motion to quash the information or complaint, the jury found appellant guilty and assessed
his punishment. In two points of error, appellant challenges the conviction. He contends that the trial court
erred in denying his motion to quash because the complaint did not allege a culpable mental state and was
therefore fatally defective. We will affirm the trial court's judgment.



PROCEDURAL BACKGROUND


 In 1973, the Texas Legislature adopted a new Penal Code. In doing so, it moved the
state's DWI statute from the Penal Code to the civil statutes. See Act of Jun. 14, 1973, 63d Leg., R.S.,
ch. 399, § 5, 1973 Tex. Gen. Laws 883, 995 (Tex. Rev. Civ. Stat. Ann. art 6701l-1, since amended,
repealed, and codified at Tex. Penal Code Ann. § 49.04 (West 1994 & Supp. 1997)). It also enacted
section 6.02 of the Penal Code which requires a culpable mental state as an element of every criminal
offense unless the definition of the offense "plainly dispenses with any mental element." Act of Jun. 14,
1973, 63d Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 892 (Tex. Penal Code Ann. § 6.02(b)
since amended). The newly moved DWI statute neither required nor dispensed with the requirement of
a culpable mental state.

 Thereafter, in Ex Parte Ross, 522 S.W.2d 214 (Tex. Crim. App. 1975), a defendant
challenged his DWI conviction arguing that, because of section 6.02, a DWI conviction required proof of
a culpable mental state. Although the DWI statute was located in the civil statutes, section 1.03 of the
Penal Code stated that the provisions in section 6.02(b) applied to a criminal offense defined outside the
Penal Code unless the statute defining the offense provides otherwise. See Tex. Penal Code Ann. § 103(b)
(West 1994).

 The Texas Court of Criminal Appeals was unconvinced by Ross's argument and held that,
despite section 6.02, the State was not required to prove a culpable mental state to obtain a DWI
conviction. Ross, 522 S.W.2d at 218. The court reached this holding because it believed that the
legislature did not intend to require a culpable mental state for DWI when it enacted section 6.02. Id. The
court based its conclusion on two observations. First, it reasoned the legislature could have more easily
required a culpable mental state for DWI by amending the DWI statute when it was moved to the civil
statutes. Id. Second, it noted that the legislature's treatment of intoxication in other Penal Code sections
made it "apparent that the Legislature never intended to require proof of the culpable mental state" in a
DWI case. Id. (citing Tex. Penal Code Ann. §§ 8.04 & 19.05) (voluntary intoxication is not a defense to
a crime and involuntary (intoxication) manslaughter does not require proof of a culpable mental state).

 In 1993, the legislature moved the DWI statute back into the Penal Code. Act of May 29,
1993, 73d Leg., R.S., ch. 900, § 1.01, 1993 Tex. Gen. Laws 3586, 3697 (Tex. Penal Code Ann. §
49.04). Once again, the DWI statute did not require or dispense with the requirement of a culpable mental
state; however, in 1995 the Legislature enacted section 49.11 of the Penal Code which expressly states
that a DWI conviction does not require proof of a culpable mental state. See Tex. Penal Code Ann. §
49.11 (West Supp. 1997).



THE CONTROVERSY


 Appellant was charged with DWI in December 1994--after the DWI statute was moved
back into the Penal Code but before the enactment of section 49.11. Appellant argues that section 6.02
applied to the DWI statute once it was moved into the Penal Code, and therefore, until section 49.11
became effective in 1995, a culpable mental state was an essential element of a DWI offense. Accordingly,
appellant brings this appeal claiming that the complaint upon which he was convicted was defective because
it did not allege a culpable mental state.



DISCUSSION


 Three other courts of appeals have already addressed this issue. See Aguirre v. State,
No. 14-95-01188-CR (Tex. App.--Houston [14th Dist.] Aug. 29, 1996, no pet. h.); State v. Sanchez,
925 S.W.2d 371 (Tex. App.--Houston [1st Dist.] 1996, no pet. h.); Chunn v. State, 923 S.W.2d 728
(Tex. App.--Houston [1st Dist.] 1996, pet. ref'd); Reed v. State, 916 S.W.2d 591 (Tex. App.--Amarillo
1996, pet. ref'd). Each of these courts has held that the DWI statute did not require proof of a culpable
mental state; however, they have disagreed on the reasoning. In Reed, the Amarillo court noted that a
culpable mental state was not an element of DWI, speeding, and many other traffic offenses. 916 S.W.2d
at 592. Moreover, it found that the precedent in Ross was binding on the court and held that the transfer
of the DWI statute from the civil statutes to the Penal Code did not add a culpable mental state as an
element of the offense. Id. at 593.

 In two cases, the First Court of Appeals in Houston also followed Ross. Justice Cohen
authored a concurring opinion in the first of these cases and the majority opinion in the latter. See Chunn,
923 S.W.2d at 729 (Cohen, J., concurring); Sanchez, 925 S.W.2d at 371-72. Justice Cohen expressed
concern that neither Ross nor Reed adequately explained why Penal Code section 6.02 does not require
that a culpable mental state be alleged and proved in a DWI prosecution. Sanchez, 925 S.W.2d at 372;
Chunn, 923 S.W.2d at 729 (Cohen, J., concurring). However, he reasoned that, "[a]s an intermediate
appellate court, we are bound to follow Ross, even though we find it . . . unpersuasive." Sanchez, 925
S.W.2d at 372.

 Most recently, the Fourteenth Court of Appeals in Houston decided this same issue. In
its opinion, the fourteenth court justified the holding in Ross. The court reasoned that, by its nature, the
DWI offense cannot require a culpable mental state:



[I]ntoxication impairs a person's judgment. As cognitive skills are eroded by the effects
of alcohol, a person may become incapable of recognizing the impairment of his own
mental and physical facilities. After consuming alcohol, many drivers assert that their ability
to operate a motor vehicle is actually improved when they reach a condition which to sober
witnesses amounts to intoxication. . . . If the offense of driving while intoxicated carried
with it the burden of establishing a culpable mental state, the most inebriated and dangerous
drivers would escape conviction by virtue of their diminished capacity to formulate a
criminal intent.


Aguirre, No. 14-95-01188-CR, slip op. at 2-3.

 We find persuasive the fourteenth court's argument that the requirement of a culpable
mental state should not be required to establish a DWI offense. Also, like Justice Cohen, we are troubled
by Ross's apparent contradiction of the seemingly clear language of section 6.02. However, like our sister
courts, we believe Ross to be dispositive and join them in holding that the DWI statute does not require
proof of a culpable mental state. Accordingly we overrule appellant's points of error.



CONCLUSION


 Having overruled appellant's points of error, we affirm the judgment of the trial court.



 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: December 19, 1996

Publish



ly,
appellant brings this appeal claiming that the complaint upon which he was convicted was defective because
it did not allege a culpable mental state.



DISCUSSION


 Three other courts of appeals have already addressed this issue. See Aguirre v. State,
No. 14-95-01188-CR (Tex. App.--Houston [14th Dist.] Aug. 29, 1996, no pet. h.); State v. Sanchez,
925 S.W.2d 371 (Tex. App.--Houston [1st Dist.] 1996, no pet. h.); Chunn v. State, 923 S.W.2d 728
(Tex. App.--Houston [1st Dist.] 1996, pet. ref'd); Reed v. State, 916 S.W.2d 591 (Tex. App.--Amarillo
1996, pet. ref'd). Each of these courts has held that the DWI statute did not require proof of a culpable
mental state; however, they have disagreed on the reasoning. In Reed, the Amarillo court noted that a
culpable mental state was not an element of DWI, speeding, and many other traffic offenses. 916 S.W.2d
at 592. Moreover, it found that the precedent in Ross was binding on the court and held that the transfer
of the DWI statute from the civil statutes to the Penal Code did not add a culpable mental state as an
element of the offense. Id. at 593.

 In two cases, the First Court of Appeals in Houston also followed Ross. Justice Cohen
authored a concurring opinion in the first of these cases and the majority opinion in the latter. See Chunn,
923 S.W.2d at 729 (Cohen, J., concurring); Sanchez, 925 S.W.2d at 371-72. Justice Cohen expressed
concern that neither Ross nor Reed adequately explained why Penal Code section 6.02 does not require
that a culpable mental state be alleged and proved in a DWI prosecution. Sanchez, 925 S.W.2d at 372;
Chunn, 923 S.W.2d at 729 (Cohen, J., concurring). However, he reasoned that, "[a]s an intermediate
appellate court, we are bound to follow Ross, even though we find it . . . unpersuasive." Sanchez, 925
S.W.2d at 372.

 Most recently, the Fourteenth Court of Appeals in Houston decided this same issue. In
its opinion, the fourteenth court justified the holding in Ross. The court reasoned that, by its nature, the
DWI offense cannot require a culpable mental state:



[I]ntoxication impairs a person's judgment. As cognitive skills are eroded by the effects
of alcohol, a person may become incapable of recognizing the impairment of his own
mental and physical facilities. After consuming alcohol, many drivers assert that their ability
to operate a motor vehicle is actually improved when they reach a condition which to sober
witnesses amounts to intoxication. . . . If the offense of driving while intoxicated carried
with it the burden of establishing a culpable mental state, the most inebriated and dangerous
drivers would escape conviction by virtue of their diminished capacity to formulate a
criminal intent.


Aguirre, No. 14-95-01188-CR, slip op. at 2-3.

 We find persuasive the fourteenth court's argument that the requirement of a culpable
mental state should not be required to establish a DWI offense. Also, like Justice Cohen, we are troubled
by Ross's apparent contradiction of the seemingly clear language of