**Kevin Don LEWIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–96–278 CR.**

Court of Appeals of Texas, Beaumont.

Submitted Aug. 8, 1997.

Decided Aug. 27, 1997.

Atwood R. McAndrew, III, Houston, for appellant.

Frank H. Bass, Jr., County Attorney, Grant Stevens, Assistant County Attorney, Conroe, for Appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

BURGESS, Justice.

Pursuant to a plea agreement,[1] Kevin Don Lewis pleaded guilty to driving while intoxicated (DWI) and was sentenced to 180 days' confinement, probated for one year. Lewis claims the trial court erred in overruling his pretrial motion to quash the information.

Lewis argues the information was required to allege a culpable mental state. Lewis contends the "new" DWI statute, TEX. PEN. CODE. ANN. § 49.04 (Vernon 1994), requires proof of a culpable mental state. Lewis argues TEX. PEN.CODE ANN. § 6.02(b) (Vernon 1994), requiring a culpable mental state in any crime covered by the Penal Code unless it is plainly dispensed with, controls. Lewis notes section 49.11, dispensing with any men-

tal state, did not become effective until September 1, 1995, more than three months after the date of his offense. TEX. PEN.CODE ANN. § 49.11 (Vernon Supp.1997). Therefore, it was error for the trial court to refuse to quash the information which did not allege the required culpable mental state.

An analogous argument was addressed by the Court of Criminal Appeal in *Ex parte Ross,* 522 S.W.2d 214 (Tex.Crim.App.1975). In that case, the defendant challenged his DWI conviction arguing that section 6.02 required proof of a culpable mental state. The DWI statute was located in a civil statute but section 1.03 applied section 6.02 to a criminal offense defined outside the Penal Code unless the statute defining the offense provides otherwise. TEX. PEN.CODE ANN. § 1.03(b) (Vernon 1994). The Court of Criminal Appeals held that despite section 6.02, the State was not required to prove a culpable mental state in obtaining a DWI conviction. The court reasoned the legislature did not intend to require a culpable mental state for DWI when section 6.02 was enacted. *Ross,* 522 S.W.2d at 218–219.

Since *Ross,* the DWI statute has been moved back to the Penal Code and once again did not require nor dispense with a culpable mental state. However, in 1995 the legislature enacted section 49.11 expressly dispensing with proof of a culpable mental state in DWI convictions.

Four other courts of appeals have addressed arguments identical to Lewis', all finding it without merit. *Reed v. State,* 916 S.W.2d 591 (Tex.App.—Amarillo 1996, pet. ref'd); *Sanders v. State,* 936 S.W.2d 436 (Tex.App.—Austin 1996, pet. ref'd); *Aguirre v. State,* 928 S.W.2d 759 (Tex.App.—Houston [14th Dist.] 1996, no pet.); *Chunn v. State,* 923 S.W.2d 728 (Tex.App.—Houston [1st Dist.] 1996, pet. ref'd). Each held section 49.04 does not require proof of a culpable mental state.

The Amarillo Court of Appeals noted:

A culpable mental state need not be alleged or proved in a driving while intoxi-

---

1. The record does not contain written evidence of such an agreement but the State does not contest Lewis' ascertain in his brief that the plea

was pursuant to an agreement. TEX.R.APP. P. 74(f).

cated charging instrument. *Honeycutt v. State,* 627 S.W.2d 417, 424 n. 4 (Tex.Cr. App.1981); *Joiner v. State,* 161 Tex.Crim. 526, 279 S.W.2d 333, 334 (1955). Neither is a culpable mental state required for speeding, *Zulauf v. State,* 591 S.W.2d 869, 872 (Tex.Cr.App.1979), or many other traffic offenses. *Honeycutt v. State,* 627 S.W.2d at 424 n. 4.

*Reed,* 916 S.W.2d at 592. The court then reviewed *Ross* and finding "the referenced cases authoritative" determined "the addition and codification of the driving while intoxicated offense to the Code did not add a culpable mental state as an essential element...." *Id.* at 593.

The First Court of Appeals in Houston, after discussing *Reed* and *Ross,* similarly found the legislature did not intend to require a culpable mental state for DWI offenses when it moved the DWI statute from the civil statutes to the Penal Code. *Chunn,* 923 S.W.2d at 729. The *Chunn* court stated the legislature's intent was made clear with the passage of section 49.11 in 1995 and determined "[t]he legislature could not have intended a culpable mental state to apply only to DWI offenses committed from September 1, 1994, to September 1, 1995." *Id.*

The Houston Fourteenth Court of Appeals reasoned that, by its nature, the DWI offense cannot require a culpable mental state noting that if it did, "the most inebriated and dangerous drivers would escape conviction by virtue of their diminished capacity to formulate a criminal intent." *Aguirre,* 928 S.W.2d at 760. The Austin Court of Appeals found this argument persuasive. *Sanders,* 936 S.W.2d at 438. The *Sanders* court admitted they were "troubled by *Ross'* s apparent contradiction of the seemingly clear language of section 6.02" but believed *Ross* to be dispositive and joined the other courts of appeals in "holding that the DWI statute does not require proof of a culpable mental state." *Id.*

While we agree with Lewis that a statutory "gap" apparently exists from September 1, 1994, to September 1, 1995, *Ross* fills that gap. The Court of Criminal Appeals decided more than twenty years ago proof of a culpable mental state was not required in DWI convictions. One of the court's reasons for

that decision was that where one of the essential elements of the offense was voluntary intoxication the legislature could not have intended to require proof of a culpable mental state. This is the reasoning employed by the *Aguirre* court and which the *Sanders* court found persuasive. We also find it persuasive and hold proof of a culpable mental state is not required in DWI convictions.

Accordingly, we overrule Lewis' sole point of error and affirm the judgment of the trial court.

AFFIRMED.