[COMMENT1] 

 

 

 

 

 

                                                COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-08-041-CR

 

 

SCOTT C. BROWN                                                               APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM COUNTY
CRIMINAL COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------

                                          I.  Introduction

Appellant Scott C. Brown appeals from his
conviction for Driving While Intoxicated-Misdemeanor Repetition.  In one point, Brown asserts that the trial
court erred by denying his request for a special jury instruction on the
defense theory of involuntary intoxication. 
We affirm.








                          II.  Factual and Procedural Background

In June 2007, Michael Sands, while driving down a
residential street, observed Brown driving towards him in an unsafe
manner.  Hoping to avoid an accident,
Sands pulled his car over to the curb and came to a complete stop.  However, as Brown began to pass, he hit Sands= car,
clipped a tree, and crashed into a ditch. 
When the police arrived at the scene, they performed field sobriety
tests on Brown.  Brown failed the tests
and admitted to the police that he had been drinking.  Subsequently, the police took Brown to John
Peter Smith Hospital where his blood alcohol content measured .09.  Brown was placed in custody and charged with
DWI-Misdemeanor Repetition.

During trial, Brown testified that he had
consumed two tumblers of whiskey the night before his arrest, and that sometime
during the night he had woken up to take his blood pressure medicine but had
mistakenly taken Ambien.  Brown further testified
that, because of the mistake, he did not remember consuming more liquor or
driving his car.  In fact, Brown claimed
that he had no memory from the time he went back to bed, after taking the
Ambien, to when the nurse was drawing his blood at John Peter Smith
Hospital.  Finally, Brown testified that
the Ambien pills were a different color and shape than his blood pressure
pills, and that he had been warned by his doctor not to take Ambien in
combination with alcohol.








At the close of trial, Brown requested an
involuntary intoxication jury instruction; however, the trial court denied his
request.  Subsequently, the jury found
Brown guilty and the trial court sentenced him to 300 days=
confinement probated for two years, and a $750 fine.  This appeal followed.

                      III.  Jury InstructionCInvoluntary
Intoxication

In his sole issue, Brown complains that the trial
court erred by denying his request for a jury instruction on involuntary
intoxication.  The State, however, argues
that Brown was not entitled to a jury instruction on involuntary intoxication
because involuntary intoxication is not a defense to DWI, where, as here,
mental state is not an element of the offense.

A.  Standard of Review








Appellate review of error in a jury charge
involves a two-step process.  Abdnor
v. State, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994).  Initially, we must determine whether error
occurred.  If so, we must then evaluate
whether sufficient harm resulted from the error to require reversal.  Id. at 731B32.  Error in the charge, if timely objected to in
the trial court, requires reversal if the error was Acalculated
to injure the rights of [the] defendant,@ which
means no more than that there must be some harm to the accused from the
error.  Tex. Code Crim. Proc. Ann. art.
36.19 (Vernon 2007); see also Abdnor, 871 S.W.2d at 731B32; Almanza
v. State, 686 S.W.2d 157, 171 (Tex. Crim. App.1984), overruled on other
grounds, Rodriguez v. State, 758 S.W.2d 787 (Tex. Crim.
App.1988).  In other words, a properly
preserved error will require reversal as long as the error is not harmless.  Almanza, 686 S.W.2d at 171.  In making this determination, Athe
actual degree of harm must be assayed in light of the entire jury charge, the
state of the evidence, including the contested issues and weight of probative
evidence, the argument of counsel and any other relevant information revealed
by the record of the trial as a whole.@  Id.;  see also Ovalle v. State, 13 S.W.3d 774,
786 (Tex. Crim. App. 2000).

B.  Applicable Law

Under Texas law, a person commits DWI Aif the
person is intoxicated while operating a motor vehicle in a public place.@  Tex. Penal Code Ann. ' 49.04
(Vernon 2008).  A person is intoxicated
if he does not have Athe normal use of mental or
physical faculties by reason of the introduction of alcohol . . . or any other
substance into the body.@ 
Tex. Penal Code Ann. ' 49.01(2).  Under chapter 49 of the penal code, proof of
a culpable mental state is not required for a DWI conviction.  Id. ' 49.11;
Nelson v. State, 149 S.W.3d 206, 211 (Tex. App.CFort
Worth 2004, no pet.).  However, an
essential element of DWI is voluntary intoxication.  See Lewis v. State, 951 S.W.2d 235,
237 (Tex. App.CBeaumont 1997, no pet.).








C.  Discussion

Here, Brown=s sole
argument is that the trial court improperly refused to include the following
jury instruction:

[I]nvoluntary intoxication
is a defense to prosecution for an offense when it is shown that the accused
has exercised no independent judgment or volition in taking the intoxicant, and
as a result of his intoxication, the accused did not know that his conduct was
wrong or was incapable of conforming his conduct to the requirements of the law
he allegedly violated.

 

To support his contention that the trial court
erred by refusing to submit the requested charge, Brown relies on Torres v.
State, which recognized involuntary intoxication as a defense to criminal
conduct.  Torres v. State, 585
S.W.2d 746, 749B50 (Tex. Crim. App. 1979).

In Torres, an aggravated robbery case,
Torres=s
accomplice testified that he had put Thorazine tablets into her glass of Alka
Seltzer without her knowledge about an hour before they broke into the victim=s
home.  Id. at 748.  The trial judge refused Torres=s
requested charge directing the jury to acquit her if they found that she was
involuntarily intoxicated and further found that she did not act voluntarily in
the commission of the offense because of the intoxication.  Id.








In its decision to reverse and remand Torres=s
conviction on the basis of jury charge error, the court of criminal appeals
recognized the defense of involuntary intoxication.  Id. at 749.  It reasoned that, even though the common law
disfavored intoxication as a defense to avoid criminal responsibility
because  a voluntary act rendered an
individual of unsound mind, the reason for disfavor did not exist when the
intoxication was not self-induced.  Id.
at 748B49.

The Court then held that involuntary intoxication
is a defense to criminal culpability when it is shown that (1) the
accused has exercised no independent judgment or volition in taking the
intoxicant and (2) as a result of his intoxication, the accused did not know
that his conduct was wrong or was incapable of conforming his conduct to the
requirements of the law he allegedly violated. 
Id. at 749 (emphasis added).

Although we have previously extended the holding
in Torres to the offense of DWI, we decline to do so from this day
forward for several reasons.  See
Nelson, 149 S.W.3d at 211; McKinnon v. State, 709 S.W.2d 805, 807
(Tex. App.CFort Worth 1986, no pet.).

First, the Legislature has not seen fit to
include a culpable mental state in its definition of the offense.  In fact, proof of a culpable mental state is
expressly not required for conviction of an offense dealing with intoxication
and for alcoholic beverage offenses. 
Tex. Penal Code Ann. ' 49.11.








Second, the court of criminal appeals has
declined to include a culpable mental state in the offense.  See Owen v. State, 525 S.W.2d 164, 164B65 (Tex.
Crim. App. 1975); Ex parte Ross, 522 S.W.2d 214, 217 (Tex. Crim. App.
1975) (criminal or unlawful intent not essential element of driving while
intoxicated), cert. denied, 423 U.S. 1018 (1975), abrogated on other
grounds by Ex parte McCain, 67 S.W.3d 204, 207, 209 (Tex. Crim. App. 2002).

Third, this court has followed the Legislature=s and
court of criminal appeals= direction and held that the
offense does not require a culpable mental state.  See Nelson, 149 S.W.3d at 210 (holding
that involuntary intoxication is a defense to criminal culpability and that
proof of a culpable mental state is not required in prosecuting the offense of
DWI).








Finally, other Texas courts that have considered
the issue have held that the offense of DWI does not require a culpable mental
state and have further held that involuntary intoxication is not a defense to
DWI.[1]  See, e.g., Stamper, 2003 WL 21540414,
at *1(emphasizing that involuntary intoxication is not a defense to DWI and
that the correct defense is involuntary act); Bearden v. State, No.
01-97-00900-CR, 2000 WL 19638, at *4 (Tex. App.CHouston
[1st Dist.] Jan. 13, 2000, pet. ref=d) (not
designated for publication) (declining to extend the holding in Torres
to the offense of driving while intoxicated); Aliff v. State, 955 S.W.2d
891, 893 (Tex. App.CEl Paso 1997, no pet.) (holding
that proof of culpable mental state is not required for a DWI conviction, thus,
involuntary intoxication cannot be a defense to such a charge).

Therefore, we hold that the trial court did not
err in refusing Brown=s request for a jury instruction
on involuntary intoxication because involuntary intoxication cannot be a
defense to DWI; accordingly, we overrule Brown=s sole
issue.[2]








                                          IV.  Conclusion

Having overruled Brown=s sole
issue, we affirm the trial court=s
judgment.

 

BOB
MCCOY

JUSTICE

 

 

PANEL: LIVINGSTON,
DAUPHINOT, and MCCOY, JJ.

 

DAUPHINOT, J. filed a
concurring and dissenting opinion.

 

PUBLISH

 

DELIVERED:  February 12, 2009

 











 
 
 
 
 
 
 




 

 

 

 

 

 

                                      COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-041-CR

 

 

SCOTT
C. BROWN                                                               APPELLANT

 

                                                   V.

 

THE
STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM COUNTY CRIMINAL
COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                   CONCURRING AND DISSENTING OPINION

 

                                              ------------

I agree that involuntary intoxication is not a
defense to driving while intoxicated (DWI) under the facts of this case.  But to hold that it can never be a defense to
DWI goes too far.  I cannot join the majority
in that sweeping statement; I therefore must respectfully dissent.








Courts have long struggled with the conflict
between the due process requirement of criminalizing only conduct that involves
both a culpable mental state and a criminal act (mens rea and actus reus) and
the apparent intent of the legislature to dispense with the requirement of a
culpable mental state in criminalizing intoxication offenses involving the
operation of a vehicle while intoxicated. 
In the past, we resolved the conflict by concluding that when a person
voluntarily ingests an intoxicant and then voluntarily operates a vehicle, the
requisite culpable mental state is implied or imputed.[1]  Courts eventually concluded that the
legislature intended to dispense with the requirement of a culpable mental
state in the offense of DWI.[2]  The legislature also passed section 49.11 of
the penal code to relieve both the bench and bar of any confusion regarding the
necessity of proving a culpable mental state in DWI prosecution.[3]








Traditionally, the defense of involuntary
intoxication applies to an affirmative defense of insanity (due to involuntary intoxication).[4]  In
that sense, the defense of involuntary intoxication would be irrelevant in a
DWI case because it would go to the inability to perceive the wrongfulness of
the defendant=s acts.  That is, it would defeat the culpable mental
state, and because DWI requires no culpable mental state, the defense would not
be relevant.[5]

The lines between mens rea and actus reus have
been blurred in the DWI context. 
Defendants, including Appellant, have argued that they are entitled to a
jury instruction on the issue of involuntary intoxication.  Courts have responded, as has the majority
here, that involuntary intoxication is not a defense to a DWI offense.[6]  That
response is not completely accurate.








It is true that a defendant is not entitled to an
instruction that involuntary intoxication is a defense to DWI, and that
is so for two reasons.  First, Adefense@ is a
term of art and exists only if enumerated in the penal code.[7] 
Involuntary intoxication is not enumerated as a defense in the penal
code.[8] 
Second, as mentioned above, involuntary intoxication is an affirmative
insanity defense,[9]
and therefore has no application to DWI, which does not require a culpable
mental state.

DWI does require a voluntary act, however.[10] 
Section 6.01(a) of the penal code provides, AA person
commits an offense only if he voluntarily engages in conduct, including an act,
an omission, or possession.@[11]  An essential element of the offense of DWI is
that the defendant operated a motor vehicle in a public place while
intoxicated.[12]








Case law has attempted to reconcile the apparent
conflict between the requirement of voluntariness and the absence of a culpable
mental state for DWI.  Some courts have
concluded that automatism, not involuntary intoxication, is the proper defense
to raise when the voluntariness of a DWI defendant=s acts
is at issue.[13]  The Austin Court of Appeals explained,

[A]ppellant . . . claims
that his defense was automatism, a defense of an individual not engaging in a
voluntary act.  Appellant points out that
automatism as a defense involves, inter alia, being unconscious or
semiconscious at the time of the acts constituting the offenses.  Appellant argues that persons in such condition
do not engage in a voluntary act.

 

A >Automatism is defined as
(1) action or conduct occurring without will, purpose, or reasoned intention
such as sleep walking, behavior carried out in a state of unconsciousness or
mental dissociation without full awareness . . . , (2) The state of a person who,
though capable of action is not conscious of his or her actions.= A

 

AVoluntariness@ within the meaning
of  section 6.01(a) refers only to one=s own physical body
movements.  Although Aautomatism@ was not mentioned, the
Texas Court of Criminal Appeals has stated in connection with the meaning of Avoluntariness@:

 

AIf these physical movements
are the nonvolitional result of someone=s act, are set in motion by some independent non‑human
force, are caused by a physical reflex or convulsion, or are the product of
unconscious, hypnosis or other nonvolitional impetus, that movement is not
voluntary.@

 








The difficulty with appellant=s argument is that he does not, even now,
sufficiently point out what evidence supports his claim to the defense of
automatismCthat of being unconscious
or semiconscious at the time in question. 
The fact that appellant testified that he could not recall what had
happened when he awakened in jail later that morning does not support his claim
of automatism.  A[I]t is not enough [to
raise the defense of automatism] that the defendant suffers from amnesia and
thus cannot remember the events in question.@  The
evidence demonstrates that appellant=s acts were voluntary.  Appellant admitted that his consumption of
beer on the date in question was voluntary. 
His claim that he might have been drugged by Tom Tutor is not supported
by the evidence and is mere speculation. 
There was no evidence to show that appellant was unconscious or
semiconscious at the time of the commission of the offenses charged.

 

Moreover, an instruction on voluntariness under section 6.01(a) is
necessary only if the accused admits committing the act or acts charged and
seeks to absolve himself of criminal responsibility for engaging in the
conduct.  AWhen a person claims the
involuntary act defense he is conceding that his own body made the motion but
denies responsibility for it.@  Here,
appellant did not admit committing the offenses charged.[14]

 

I also point out that another problem with
determining whether a defendant has committed a voluntary act in the DWI
context is the very broad definition of the term Aoperate@:

There is no statutory
definition of the term Aoperate.@  However, the Court of Criminal Appeals has
held that, to find operation of a motor vehicle, Athe totality of the
circumstances must demonstrate that the defendant took action to affect the
functioning of his vehicle that would enable the vehicle=s use.@  In reaching its holding, the court repeated
the reasoning enunciated in Barton:

 








We do not accept the
contention that to operate a vehicle within the meaning of the statute, the
driver=s personal effort must
cause the automobile to either move or not move.  Purposely causing or restraining actual
movement is not the only definition of >operating= a motor vehicle. 
In other words, we examine the totality of the circumstances to
determine if [the defendant] exerted personal effort upon his vehicle for its
intended purpose.[15]

 

In sum, I agree that a DWI defendant is not
entitled to a jury instruction on involuntary intoxication, because the jury
instruction is an instruction on the affirmative defense of insanity that goes
only to a culpable mental state.  I
therefore agree with the outcome reached by the majority.  But because the majority=s
overbroad holding that a DWI defendant may never raise the defense of
involuntary intoxication conflicts with the requirements that a person must
voluntarily actCthat is, voluntarily operate a
vehicle and voluntarily partake of intoxicantsCto
commit DWI, I must also respectfully dissent.

 

LEE
ANN DAUPHINOT

JUSTICE

 

PUBLISH

DELIVERED: February 12, 2009

 











[1]Various courts of
appeals, in addressing this issue, have looked at an involuntary act, i.e.,
automatism, as a defense to DWI.  See,
e.g., Peavey v. State, 248 S.W.3d 455, 465 (Tex. App.CAustin 2008, pet. ref=d) (providing a detailed
analysis and application of automatism as a defense to DWI); see also
Stamper v. State, No. 05-02-01730-CR, 2003 WL 21540414, at *1 (Tex. App.CDallas July 9, 2003, no.
pet.) (mem. op., not designated for publication) (acknowledging that the
appellant incorrectly argued involuntary intoxication when she should have
argued involuntary act); Waters v. State, No. 01-96-00631-CR, 2001 WL
754759, at *3 (Tex. App.CHouston [1st Dist.] June
29, 2001, no pet.) (not designated for publication) (analyzing whether
appellant voluntarily became intoxicated).





[2]Furthermore, based on the
facts in this case, there is insufficient evidence to support a claim to the
defense of automatism.  First, Brown=s loss of memory is not a
defense.  See Peavy, 248 S.W.3d at
465 (emphasizing that appellant=s lack of memory, as to the events that had
occurred, was not enough to raise the defense of automatism).  Second, the evidence demonstrates that Brown=s acts were
voluntary.  For example, Brown testified
that he mistakenly took Ambien; however, he did so of his own volition.  See Hanks v. State, 542 S.W.2d 413,
416 (Tex. Crim. App. 1976) (holding there must be an absence of an exercise of
independent judgment and volition on the part of the accused in taking the
intoxicant).  And finally, Brown failed
to direct us to any evidence that showed he was unconscious or semiconscious at
the time of the offense.  See Peavy,
248 S.W.3d at 465.





[1]Cockrell v. State, 135 Tex. Crim. 218, 117
S.W.2d 1105, 1109B10 (Tex. Crim. App.
1938).





[2]See Lomax v. State, 233 S.W.3d 302, 311
(Tex. Crim. App. 2007).





[3]See Tex. Penal Code Ann. ' 49.11(a) (Vernon
2003) (providing that proof of mental state is not required for conviction of
Chapter 49 offenses).





[4]Mendenhall v. State, 77 S.W.3d 815, 817B18 (Tex. Crim. App.
2002); Torres v. State, 585 S.W.2d 746, 748B50 (Tex. Crim. App.
1979).





[5]Nelson v. State, 149 S.W.3d 206, 210
(Tex. App.CFort Worth 2004, no
pet.).





[6]See, e.g., Otto v. State,
141 S.W.3d 238, 241 (Tex. App.CSan Antonio 2004), rev=d on other grounds, 173 S.W.3d 70 (Tex.
Crim. App. 2005).





[7]Tex. Penal Code Ann. ' 2.03(a) (Vernon
2003).





[8]See generally id. '' 8.01B.07.





[9]Mendenhall, 77 S.W.3d at 817B18; Torres, 585
S.W.2d at 748B50; see Tex. Penal
Code Ann. ' 8.04.





[10]Tex. Penal Code Ann. ' 6.01(a) (Vernon
2003).





[11]Id.





[12]Id. '' 6.01(a), 49.04; see
also Ex parte Ross, 522 S.W.2d 214, 218 (Tex. Crim. App.) (A[I]t is apparent that the
Legislature never intended to require proof of the culpable mental state of a
person charged with an offense where one of the essential elements is voluntary
intoxication.@) (emphasis added), cert.
denied, 423 U.S. 1018 (1975), abrogated on other grounds by Ex parte
McCain, 67 S.W.3d 204, 207, 209 (Tex. Crim. App. 2002).





[13]See, e.g. Peavey v. State,
248 S.W.3d 455 (Tex. App.CAustin 2008, pet. ref=d).





[14]Id. at 464B66 (citations omitted).





[15]Hearne v. State, 80 S.W.3d 677, 679
(Tex. App.CHouston [1st Dist.] 2002,
no pet.) (citations omitted).















 [COMMENT1]

Majority Opinion by McCoy; Concurring &
Dissenting Opinion by Dauphinot