

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 2-08-041-CR

SCOTT C. BROWN                                                            APPELLANT

V.

THE STATE OF TEXAS                                                            STATE

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF TARRANT COUNTY

------------

## OPINION

------------

### I. Introduction

Appellant Scott C. Brown appeals from his conviction for Driving While Intoxicated-Misdemeanor Repetition. In one point, Brown asserts that the trial court erred by denying his request for a special jury instruction on the defense theory of involuntary intoxication. We affirm.

## II. Factual and Procedural Background

In June 2007, Michael Sands, while driving down a residential street, observed Brown driving towards him in an unsafe manner. Hoping to avoid an accident, Sands pulled his car over to the curb and came to a complete stop. However, as Brown began to pass, he hit Sands' car, clipped a tree, and crashed into a ditch. When the police arrived at the scene, they performed field sobriety tests on Brown. Brown failed the tests and admitted to the police that he had been drinking. Subsequently, the police took Brown to John Peter Smith Hospital where his blood alcohol content measured .09. Brown was placed in custody and charged with DWI-Misdemeanor Repetition.

During trial, Brown testified that he had consumed two tumblers of whiskey the night before his arrest, and that sometime during the night he had woken up to take his blood pressure medicine but had mistakenly taken Ambien. Brown further testified that, because of the mistake, he did not remember consuming more liquor or driving his car. In fact, Brown claimed that he had no memory from the time he went back to bed, after taking the Ambien, to when the nurse was drawing his blood at John Peter Smith Hospital. Finally, Brown testified that the Ambien pills were a different color and shape than his blood pressure pills, and that he had been warned by his doctor not to take Ambien in combination with alcohol.

2

At the close of trial, Brown requested an involuntary intoxication jury instruction; however, the trial court denied his request. Subsequently, the jury found Brown guilty and the trial court sentenced him to 300 days' confinement probated for two years, and a $750 fine. This appeal followed.

### III. Jury Instruction—Involuntary Intoxication

In his sole issue, Brown complains that the trial court erred by denying his request for a jury instruction on involuntary intoxication. The State, however, argues that Brown was not entitled to a jury instruction on involuntary intoxication because involuntary intoxication is not a defense to DWI, where, as here, mental state is not an element of the offense.

### A. Standard of Review

Appellate review of error in a jury charge involves a two-step process. *Abdnor v. State*, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). Initially, we must determine whether error occurred. If so, we must then evaluate whether sufficient harm resulted from the error to require reversal. *Id.* at 731–32. Error in the charge, if timely objected to in the trial court, requires reversal if the error was "calculated to injure the rights of [the] defendant," which means no more than that there must be *some* harm to the accused from the error. Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 2007); *see also Abdnor*, 871 S.W.2d at 731–32; *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App.1984),

3

*overruled on other grounds*, *Rodriguez v. State*, 758 S.W.2d 787 (Tex. Crim. App.1988). In other words, a properly preserved error will require reversal as long as the error is not harmless. *Almanza*, 686 S.W.2d at 171. In making this determination, "the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole." *Id.*; *see also Ovalle v. State*, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000).

## B. Applicable Law

Under Texas law, a person commits DWI "if the person is intoxicated while operating a motor vehicle in a public place." Tex. Penal Code Ann. § 49.04 (Vernon 2008). A person is intoxicated if he does not have "the normal use of mental or physical faculties by reason of the introduction of alcohol . . . or any other substance into the body." Tex. Penal Code Ann. § 49.01(2). Under chapter 49 of the penal code, proof of a culpable mental state is not required for a DWI conviction. *Id.* § 49.11; *Nelson v. State*, 149 S.W.3d 206, 211 (Tex. App.—Fort Worth 2004, no pet.). However, an essential element of DWI is voluntary intoxication. *See Lewis v. State*, 951 S.W.2d 235, 237 (Tex. App.—Beaumont 1997, no pet.).

4

## C. Discussion

Here, Brown's sole argument is that the trial court improperly refused to include the following jury instruction:

> [I]nvoluntary intoxication is a defense to prosecution for an offense when it is shown that the accused has exercised no independent judgment or volition in taking the intoxicant, and as a result of his intoxication, the accused did not know that his conduct was wrong or was incapable of conforming his conduct to the requirements of the law he allegedly violated.

To support his contention that the trial court erred by refusing to submit the requested charge, Brown relies on *Torres v. State*, which recognized involuntary intoxication as a defense to criminal conduct. *Torres v. State*, 585 S.W.2d 746, 749–50 (Tex. Crim. App. 1979).

In *Torres*, an aggravated robbery case, Torres's accomplice testified that he had put Thorazine tablets into her glass of Alka Seltzer without her knowledge about an hour before they broke into the victim's home. *Id.* at 748. The trial judge refused Torres's requested charge directing the jury to acquit her if they found that she was involuntarily intoxicated and further found that she did not act voluntarily in the commission of the offense because of the intoxication. *Id.*

In its decision to reverse and remand Torres's conviction on the basis of jury charge error, the court of criminal appeals recognized the defense of

5

involuntary intoxication. *Id.* at 749. It reasoned that, even though the common law disfavored intoxication as a defense to avoid criminal responsibility because a voluntary act rendered an individual of unsound mind, the reason for disfavor did not exist when the intoxication was not self-induced. *Id.* at 748–49.

The Court then held that involuntary intoxication is a *defense to criminal culpability* when it is shown that (1) the accused has exercised no independent judgment or volition in taking the intoxicant and (2) as a result of his intoxication, the accused did not know that his conduct was wrong or was incapable of conforming his conduct to the requirements of the law he allegedly violated. *Id.* at 749 (emphasis added).

Although we have previously extended the holding in *Torres* to the offense of DWI, we decline to do so from this day forward for several reasons. *See Nelson*, 149 S.W.3d at 211; *McKinnon v. State*, 709 S.W.2d 805, 807 (Tex. App.—Fort Worth 1986, no pet.).

First, the Legislature has not seen fit to include a culpable mental state in its definition of the offense. In fact, proof of a culpable mental state is expressly not required for conviction of an offense dealing with intoxication and for alcoholic beverage offenses. Tex. Penal Code Ann. § 49.11.

Second, the court of criminal appeals has declined to include a culpable mental state in the offense. *See Owen v. State*, 525 S.W.2d 164, 164–65

6

(Tex. Crim. App. 1975); *Ex parte Ross*, 522 S.W.2d 214, 217 (Tex. Crim. App. 1975) (criminal or unlawful intent not essential element of driving while intoxicated), *cert. denied*, 423 U.S. 1018 (1975), *abrogated on other grounds by Ex parte McCain*, 67 S.W.3d 204, 207, 209 (Tex. Crim. App. 2002).

Third, this court has followed the Legislature's and court of criminal appeals' direction and held that the offense does not require a culpable mental state. *See Nelson*, 149 S.W.3d at 210 (holding that involuntary intoxication is a defense to criminal culpability and that proof of a culpable mental state is not required in prosecuting the offense of DWI).

Finally, other Texas courts that have considered the issue have held that the offense of DWI does not require a culpable mental state and have further held that involuntary intoxication is not a defense to DWI.[1] *See, e.g., Stamper*, 2003 WL 21540414, at *1(emphasizing that involuntary intoxication is not a

---

[1] Various courts of appeals, in addressing this issue, have looked at an involuntary act, i.e., automatism, as a defense to DWI. *See, e.g., Peavey v. State*, 248 S.W.3d 455, 465 (Tex. App.—Austin 2008, pet. ref'd) (providing a detailed analysis and application of automatism as a defense to DWI); *see also Stamper* v. State, No. 05-02-01730-CR, 2003 WL 21540414, at *1 (Tex. App.—Dallas July 9, 2003, no. pet.) (mem. op., not designated for publication) (acknowledging that the appellant incorrectly argued involuntary intoxication when she should have argued involuntary act); *Waters v. State*, No. 01-96-00631-CR, 2001 WL 754759, at *3 (Tex. App.—Houston [1st Dist.] June 29, 2001, no pet.) (not designated for publication) (analyzing whether appellant voluntarily became intoxicated).

7

defense to DWI and that the correct defense is involuntary act); *Bearden v. State*, No. 01-97-00900-CR, 2000 WL 19638, at *4 (Tex. App.—Houston [1st Dist.] Jan. 13, 2000, pet. ref'd) (not designated for publication) (declining to extend the holding in *Torres* to the offense of driving while intoxicated); *Aliff v. State*, 955 S.W.2d 891, 893 (Tex. App.—El Paso 1997, no pet.) (holding that proof of culpable mental state is not required for a DWI conviction, thus, involuntary intoxication cannot be a defense to such a charge).

Therefore, we hold that the trial court did not err in refusing Brown's request for a jury instruction on involuntary intoxication because involuntary intoxication cannot be a defense to DWI; accordingly, we overrule Brown's sole issue.[2]

---

[2] Furthermore, based on the facts in this case, there is insufficient evidence to support a claim to the defense of automatism. First, Brown's loss of memory is not a defense. *See Peavy*, 248 S.W.3d at 465 (emphasizing that appellant's lack of memory, as to the events that had occurred, was not enough to raise the defense of automatism). Second, the evidence demonstrates that Brown's acts were voluntary. For example, Brown testified that he mistakenly took Ambien; however, he did so of his own volition. *See Hanks v. State*, 542 S.W.2d 413, 416 (Tex. Crim. App. 1976) (holding there must be an absence of an exercise of independent judgment and volition on the part of the accused in taking the intoxicant). And finally, Brown failed to direct us to any evidence that showed he was unconscious or semiconscious at the time of the offense. *See Peavy*, 248 S.W.3d at 465.

## IV. Conclusion

Having overruled Brown's sole issue, we affirm the trial court's judgment.

BOB MCCOY
JUSTICE

PANEL: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

DAUPHINOT, J. filed a concurring and dissenting opinion.

PUBLISH

DELIVERED:  February 12, 2009

9



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-041-CR

SCOTT C. BROWN                                                     APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF TARRANT COUNTY

------------

## CONCURRING AND DISSENTING OPINION

------------

I agree that involuntary intoxication is not a defense to driving while intoxicated (DWI) under the facts of this case. But to hold that it can never be a defense to DWI goes too far. I cannot join the majority in that sweeping statement; I therefore must respectfully dissent.

Courts have long struggled with the conflict between the due process requirement of criminalizing only conduct that involves both a culpable mental state and a criminal act (mens rea and actus reus) and the apparent intent of

the legislature to dispense with the requirement of a culpable mental state in criminalizing intoxication offenses involving the operation of a vehicle while intoxicated. In the past, we resolved the conflict by concluding that when a person voluntarily ingests an intoxicant and then voluntarily operates a vehicle, the requisite culpable mental state is implied or imputed.[1] Courts eventually concluded that the legislature intended to dispense with the requirement of a culpable mental state in the offense of DWI.[2] The legislature also passed section 49.11 of the penal code to relieve both the bench and bar of any confusion regarding the necessity of proving a culpable mental state in DWI prosecution.[3]

Traditionally, the defense of involuntary intoxication applies to an affirmative defense of insanity (due to involuntary intoxication).[4] In that sense, the defense of involuntary intoxication would be irrelevant in a DWI case because it would go to the inability to perceive the wrongfulness of the

---

[1] *Cockrell v. State*, 135 Tex. Crim. 218, 117 S.W.2d 1105, 1109–10 (Tex. Crim. App. 1938).

[2] *See Lomax v. State*, 233 S.W.3d 302, 311 (Tex. Crim. App. 2007).

[3] *See* Tex. Penal Code Ann. § 49.11(a) (Vernon 2003) (providing that proof of mental state is not required for conviction of Chapter 49 offenses).

[4] *Mendenhall v. State*, 77 S.W.3d 815, 817–18 (Tex. Crim. App. 2002); *Torres v. State*, 585 S.W.2d 746, 748–50 (Tex. Crim. App. 1979).

defendant's acts. That is, it would defeat the culpable mental state, and because DWI requires no culpable mental state, the defense would not be relevant.[5]

The lines between mens rea and actus reus have been blurred in the DWI context. Defendants, including Appellant, have argued that they are entitled to a jury instruction on the issue of involuntary intoxication. Courts have responded, as has the majority here, that involuntary intoxication is not a defense to a DWI offense.[6] That response is not completely accurate.

It is true that a defendant is not entitled to an *instruction* that involuntary intoxication is a defense to DWI, and that is so for two reasons. First, "defense" is a term of art and exists only if enumerated in the penal code.[7] Involuntary intoxication is not enumerated as a defense in the penal code.[8] Second, as mentioned above, involuntary intoxication is an affirmative insanity

---

[5] *Nelson v. State*, 149 S.W.3d 206, 210 (Tex. App.—Fort Worth 2004, no pet.).

[6] *See, e.g.*, *Otto v. State*, 141 S.W.3d 238, 241 (Tex. App.—San Antonio 2004), *rev'd on other grounds*, 173 S.W.3d 70 (Tex. Crim. App. 2005).

[7] Tex. Penal Code Ann. § 2.03(a) (Vernon 2003).

[8] *See generally id.* §§ 8.01–.07.

3

defense,[9] and therefore has no application to DWI, which does not require a culpable mental state.

DWI does require a voluntary act, however.[10] Section 6.01(a) of the penal code provides, "A person commits an offense only if he voluntarily engages in conduct, including an act, an omission, or possession."[11] An essential element of the offense of DWI is that the defendant operated a motor vehicle in a public place *while intoxicated*.[12]

Case law has attempted to reconcile the apparent conflict between the requirement of voluntariness and the absence of a culpable mental state for DWI. Some courts have concluded that automatism, not involuntary

---

[9] *Mendenhall*, 77 S.W.3d at 817–18; *Torres*, 585 S.W.2d at 748–50; *see* Tex. Penal Code Ann. § 8.04.

[10] Tex. Penal Code Ann. § 6.01(a) (Vernon 2003).

[11] *Id.*

[12] *Id.* §§ 6.01(a), 49.04; *see also Ex parte Ross*, 522 S.W.2d 214, 218 (Tex. Crim. App.) ("[I]t is apparent that the Legislature never intended to require proof of the culpable mental state of a person charged with an offense where one of the essential elements is *voluntary* intoxication.") (emphasis added), *cert. denied*, 423 U.S. 1018 (1975), *abrogated on other grounds by Ex parte McCain*, 67 S.W.3d 204, 207, 209 (Tex. Crim. App. 2002).

intoxication, is the proper defense to raise when the voluntariness of a DWI defendant's acts is at issue.[13] The Austin Court of Appeals explained,

> [A]ppellant . . . claims that his defense was automatism, a defense of an individual not engaging in a voluntary act. Appellant points out that automatism as a defense involves, inter alia, being unconscious or semiconscious at the time of the acts constituting the offenses. Appellant argues that persons in such condition do not engage in a voluntary act.
>
> " 'Automatism is defined as (1) action or conduct occurring without will, purpose, or reasoned intention such as sleep walking, behavior carried out in a state of unconsciousness or mental dissociation without full awareness . . . , (2) The state of a person who, though capable of action is not conscious of his or her actions.' "
>
> "Voluntariness" within the meaning of section 6.01(a) refers only to one's own physical body movements. Although "automatism" was not mentioned, the Texas Court of Criminal Appeals has stated in connection with the meaning of "voluntariness":
>
> "If these physical movements are the nonvolitional result of someone's act, are set in motion by some independent non-human force, are caused by a physical reflex or convulsion, or are the product of unconscious, hypnosis or other nonvolitional impetus, that movement is not voluntary."
>
> The difficulty with appellant's argument is that he does not, even now, sufficiently point out what evidence supports his claim to the defense of automatism—that of being unconscious or semiconscious at the time in question. The fact that appellant testified that he could not recall what had happened when he

---

[13] *See, e.g. Peavey v. State*, 248 S.W.3d 455 (Tex. App.—Austin 2008, pet. ref'd).

5

awakened in jail later that morning does not support his claim of automatism. "[I]t is not enough [to raise the defense of automatism] that the defendant suffers from amnesia and thus cannot remember the events in question." The evidence demonstrates that appellant's acts were voluntary. Appellant admitted that his consumption of beer on the date in question was voluntary. His claim that he might have been drugged by Tom Tutor is not supported by the evidence and is mere speculation. There was no evidence to show that appellant was unconscious or semiconscious at the time of the commission of the offenses charged.

Moreover, an instruction on voluntariness under section 6.01(a) is necessary only if the accused admits committing the act or acts charged and seeks to absolve himself of criminal responsibility for engaging in the conduct. "When a person claims the involuntary act defense he is conceding that his own body made the motion but denies responsibility for it." Here, appellant did not admit committing the offenses charged.[14]

I also point out that another problem with determining whether a defendant has committed a voluntary act in the DWI context is the very broad definition of the term "operate":

There is no statutory definition of the term "operate." However, the Court of Criminal Appeals has held that, to find operation of a motor vehicle, "the totality of the circumstances must demonstrate that the defendant took action to affect the functioning of his vehicle that would enable the vehicle's use." In reaching its holding, the court repeated the reasoning enunciated in *Barton*:

We do not accept the contention that to operate a vehicle within the meaning of the statute, the driver's personal effort must cause the automobile to either

---

[14] *Id.* at 464–66 (citations omitted).

6

move or not move. Purposely causing or restraining actual movement is not the only definition of 'operating' a motor vehicle. In other words, we examine the totality of the circumstances to determine if [the defendant] exerted personal effort upon his vehicle for its intended purpose.[15]

In sum, I agree that a DWI defendant is not entitled to a jury instruction on involuntary intoxication, because the jury instruction is an instruction on the affirmative defense of insanity that goes only to a culpable mental state. I therefore agree with the outcome reached by the majority. But because the majority's overbroad holding that a DWI defendant may never raise the defense of involuntary intoxication conflicts with the requirements that a person must voluntarily act—that is, voluntarily operate a vehicle and voluntarily partake of intoxicants—to commit DWI, I must also respectfully dissent.

LEE ANN DAUPHINOT
JUSTICE

PUBLISH

DELIVERED: February 12, 2009

---

[15] *Hearne v. State*, 80 S.W.3d 677, 679 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (citations omitted).