NO.  07-09-0046-CR

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

FEBRUARY 17, 2010

________________________

 

MARC E. ROUNSAVALL,
APPELLANT

 

V. 

 

THE STATE OF TEXAS,
APPELLEE

________________________

 

FROM
THE COUNTY COURT AT LAW NO. ONE OF LUBBOCK COUNTY;

 

NO. 2007-442,973;
HONORABLE LARRY B. “RUSTY” LADD, JUDGE

__________________________

 

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

 

Appellant,
Marc E. Rounsavall, was convicted of driving while
intoxicated[1]
and sentenced to 30 days in the Lubbock County Jail and a fine of $2,000, with
both the jail term and the fine being suspended while appellant was on
probation for a term of 12 months. 
Appellant appeals the judgment contending that the trial court committed
reversible error by denying appellant’s request for a jury charge on the issue
of involuntary intoxication.  We affirm.

Factual and
Procedural Background

 

 

             
In the early morning hours of January 7, 2007, Julia Beaver was driving
home and had arrived at the intersection of 19th St. and the
Brownfield Highway in Lubbock.  Beaver’s
car was struck from the rear by a pickup truck being driven by appellant.  Officer Cox of the Lubbock Police Department
arrived on the scene first.  Cox testified
that when she first observed appellant he appeared confused and had a “deer in
the headlight look.”  It was Cox’s
opinion that appellant did not know what had happened.  However, Cox did believe that appellant may
have been driving while intoxicated and, as a result, requested additional
officers be dispatched to the scene to proceed with a driving while intoxicated
investigation.  

            Officer Aaron Spann
arrived on the scene and took charge of the driving while intoxicated
investigation.  Upon his arrival, Spann
observed that appellant could barely stand up and had a blank look on his
face.  Later, Spann attempted to give
appellant several of the field sobriety tests. 
According to Spann, appellant could not perform any of the tests and
appeared to be intoxicated.  Appellant
was subsequently arrested and taken to the Lubbock Police Department holding
facility where a breath test was administered. 
The result of the breath test revealed a blood alcohol concentration of
.099 and .104.  These tests results were
stipulated before the jury.

            During the trial of the
case, the only contested issue was how appellant became intoxicated.  Appellant presented evidence that he had two
drinks between 9:30 and 10:30 p.m. on the evening before his arrest at approximately
5:00 a.m. the next morning.  Appellant
further testified that on the evening of his two drinks, he had taken the
prescription sleep aid, Ambien.  Appellant stated he had no recollection of
any events until he awoke in the holding facility at the Lubbock Police
Department.  Further, appellant testified
that after he returned to his home he found two bottles of alcohol that had
been completely emptied and that his bottle of Ambien
had been scattered in his bedroom.  

            Appellant further
presented the testimony of James Booker, Ph.D., toxicologist, who testified
about the effect that Ambien can have on certain
individuals.  The doctor’s testimony
revealed that the drug, especially in its instant release formula, could render
a person into a somnambulistic state, or a state of sleepwalking.  The doctor further testified that, a person
suffering from somnambulism might take actions that he might not otherwise
take.  The essence of appellant’s
evidence was that he did not voluntarily consume any additional alcohol after
the two earlier drinks and the consumption of the Ambien.  

            At the conclusion of the
evidence, appellant sought a jury charge on involuntary intoxication.  The trial court denied the request and the
jury was charged under a standard driving while intoxicated charge plus a
paragraph on “synergistic effect” and another paragraph on voluntariness of
appellant’s actions.  The jury
subsequently convicted appellant of driving while intoxicated and this appeal
followed.  

            Appellant contends that
the trial court erred by not giving the requested charge on the issue of
involuntary intoxication.  We disagree
with appellant and affirm the judgment of the trial court.

 

 

Standard of Review

 

 

            In the trial of any case before a
jury, the court is required to give the jury a written charge that distinctly
sets forth the law applicable to the case, without expressing any opinion about
the weight of the evidence or discussion of the evidence.  See Tex.
Code of Crim. Proc. Ann.
art. 36.14 (Vernon 2007).  When an appellant, as here, alleges that the
trial court has committed error in the “Court’s Charge”, a reviewing court is
presented with a two part inquiry.  See
Druery v. State, 225
S.W.3d 491, 504 (Tex.Crim.App. 2007).  First, the reviewing court must determine
whether error has been committed.  Id.  If error has been committed, the reviewing
court must then determine whether the error was harmful.  Id. 


            In the case before the
Court, appellant contends that error was committed when the trial court failed
to give the requested jury charge on the issue of voluntary intoxication.  The record supports the appellant’s position
that there was ample evidence presented before the trial court regarding
whether or not the later alcohol consumed by appellant was consumed voluntarily.  This is the important fact because both the
State’s expert and the appellant’s expert testified that if appellant had
consumed no additional alcohol his breath test would have shown no alcohol in
his blood stream at the time of the test. 
The record reflected that at the time of appellant’s breath test the
results were 0.099 and 0.104.  The record
is also dispositive of the question of whether or not appellant has preserved
this issue by requesting a charge with sufficient particularity so as to place
the trial court on notice of what his complaint was.  

            Appellant cites us to the case of Walters
v. State for the proposition that a defendant is entitled to a jury
instruction on any defensive issue raised by the evidence, regardless of how
strong, weak, challenged, or uncontested that evidence may be.  See Walters v. State, 247 S.W.3d 204, 209 (Tex.Crim.App.
2007).  The statement is a true statement
of the law, however, that proposition is not
dispositive of this case.  The first
question we must answer is, which element of the offense of those that the
State is required to prove does the requested charge attach.  

            The elements of driving
while intoxicated are 1) appellant, 2) on or about the date specified, 3) while
intoxicated, 4) operated a motor vehicle, 5) in a public place.  See Tex.
Penal Code Ann. § 49.04
(Vernon 2003).[2]  Conspicuously absent from the statute
defining driving while intoxicated is a requirement for a culpable mental
state.  The penal code provides that a
culpable mental state is required, even if the offense does not prescribe one,
unless the definition plainly dispenses with any mental state.  See § 6.02(b).  In answer to the requirement of section
6.02(b), the penal code provides that proof of a mental state is not required
for conviction of an offense under chapter 49. 
See § 49.11.

            For this reason, the
case law in Texas is unanimous that a trial court does not err when it refuses
to give a jury charge on involuntary intoxication in a driving while
intoxicated case.  See Aliff v. State, 955 S.W.2d 891, 893 (Tex.App.—El Paso 1997, no pet.), Nelson v. State,
149 S.W.3d 206, 211 (Tex.App.—Fort Worth 2004, no
pet.)  The State directs the court to a
subsequent case from the Fort Worth Court of Appeals that is factually very
similar to the case before us.  See
Brown v. State, 290 S.W.3d 247, 250 (Tex.App.–Fort
Worth 2009, pet. ref’d) (appellant in that matter had
two drinks before taking Ambien and had no
recollection of any of the events that transpired until he was having his blood
drawn at the hospital).  The Fort Worth
court held that involuntary intoxication was not a defense to driving while
intoxicated for four reasons: 1) legislature had not seen fit to include a
culpable mental state in the offense; 2) the Texas Court of Criminal Appeals
has declined to include a culpable mental state in the offense; 3) that court
had previously followed the legislature and court of criminal appeals direction
in the Nelson case; 4) all other Texas courts that had considered the
question had come to the same conclusion. 
Id.  We agree with our
sister courts and find the trial court did not err when it denied appellant’s
request for a jury charge on the issue of involuntary intoxication.

            Because we find no error
in the trial court’s action, we do not need to address a conditional issue
appealed by the State regarding the trial court’s granting of an instruction on
voluntariness.

Conclusion

 

 

            Having
found no error, we affirm the judgment of the trial court.

 

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

 

Do not publish.  

 

 

 











[1] See Tex.
Penal Code Ann. § 49.04
(Vernon 2003).





[2] Further reference to the Texas Penal Code Annotated
will be by reference to “§ ___” or “section ___.”