NO. 07-09-0046-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL C
 
 FEBRUARY 17, 2010
 ________________________
 
 MARC E. ROUNSAVALL, APPELLANT
 
 V. 
 
 THE STATE OF TEXAS, APPELLEE
 ________________________
 
 FROM THE COUNTY COURT AT LAW NO. ONE OF LUBBOCK COUNTY;
 
 NO. 2007-442,973; HONORABLE LARRY B. "RUSTY" LADD, JUDGE
 __________________________
 
 
Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
 MEMORANDUM OPINION
 
 
Appellant, Marc E. Rounsavall, was convicted of driving while intoxicated and sentenced to 30 days in the Lubbock County Jail and a fine of $2,000, with both the jail term and the fine being suspended while appellant was on probation for a term of 12 months. Appellant appeals the judgment contending that the trial court committed reversible error by denying appellant's request for a jury charge on the issue of involuntary intoxication. We affirm.
 Factual and Procedural Background
 
 
 In the early morning hours of January 7, 2007, Julia Beaver was driving home and had arrived at the intersection of 19[th] St. and the Brownfield Highway in Lubbock. Beaver's car was struck from the rear by a pickup truck being driven by appellant. Officer Cox of the Lubbock Police Department arrived on the scene first. Cox testified that when she first observed appellant he appeared confused and had a "deer in the headlight look." It was Cox's opinion that appellant did not know what had happened. However, Cox did believe that appellant may have been driving while intoxicated and, as a result, requested additional officers be dispatched to the scene to proceed with a driving while intoxicated investigation. 
 Officer Aaron Spann arrived on the scene and took charge of the driving while intoxicated investigation. Upon his arrival, Spann observed that appellant could barely stand up and had a blank look on his face. Later, Spann attempted to give appellant several of the field sobriety tests. According to Spann, appellant could not perform any of the tests and appeared to be intoxicated. Appellant was subsequently arrested and taken to the Lubbock Police Department holding facility where a breath test was administered. The result of the breath test revealed a blood alcohol concentration of .099 and .104. These tests results were stipulated before the jury.
 During the trial of the case, the only contested issue was how appellant became intoxicated. Appellant presented evidence that he had two drinks between 9:30 and 10:30 p.m. on the evening before his arrest at approximately 5:00 a.m. the next morning. Appellant further testified that on the evening of his two drinks, he had taken the prescription sleep aid, Ambien. Appellant stated he had no recollection of any events until he awoke in the holding facility at the Lubbock Police Department. Further, appellant testified that after he returned to his home he found two bottles of alcohol that had been completely emptied and that his bottle of Ambien had been scattered in his bedroom. 
 Appellant further presented the testimony of James Booker, Ph.D., toxicologist, who testified about the effect that Ambien can have on certain individuals. The doctor's testimony revealed that the drug, especially in its instant release formula, could render a person into a somnambulistic state, or a state of sleepwalking. The doctor further testified that, a person suffering from somnambulism might take actions that he might not otherwise take. The essence of appellant's evidence was that he did not voluntarily consume any additional alcohol after the two earlier drinks and the consumption of the Ambien. 
 At the conclusion of the evidence, appellant sought a jury charge on involuntary intoxication. The trial court denied the request and the jury was charged under a standard driving while intoxicated charge plus a paragraph on "synergistic effect" and another paragraph on voluntariness of appellant's actions. The jury subsequently convicted appellant of driving while intoxicated and this appeal followed. 
 Appellant contends that the trial court erred by not giving the requested charge on the issue of involuntary intoxication. We disagree with appellant and affirm the judgment of the trial court.
 
 
 Standard of Review
 
 
 In the trial of any case before a jury, the court is required to give the jury a written charge that distinctly sets forth the law applicable to the case, without expressing any opinion about the weight of the evidence or discussion of the evidence. See Tex. Code of Crim. Proc. Ann. art. 36.14 (Vernon 2007). When an appellant, as here, alleges that the trial court has committed error in the "Court's Charge", a reviewing court is presented with a two part inquiry. See Druery v. State, 225 S.W.3d 491, 504 (Tex.Crim.App. 2007). First, the reviewing court must determine whether error has been committed. Id. If error has been committed, the reviewing court must then determine whether the error was harmful. Id. 
 In the case before the Court, appellant contends that error was committed when the trial court failed to give the requested jury charge on the issue of voluntary intoxication. The record supports the appellant's position that there was ample evidence presented before the trial court regarding whether or not the later alcohol consumed by appellant was consumed voluntarily. This is the important fact because both the State's expert and the appellant's expert testified that if appellant had consumed no additional alcohol his breath test would have shown no alcohol in his blood stream at the time of the test. The record reflected that at the time of appellant's breath test the results were 0.099 and 0.104. The record is also dispositive of the question of whether or not appellant has preserved this issue by requesting a charge with sufficient particularity so as to place the trial court on notice of what his complaint was. 
 Appellant cites us to the case of Walters v. State for the proposition that a defendant is entitled to a jury instruction on any defensive issue raised by the evidence, regardless of how strong, weak, challenged, or uncontested that evidence may be. See Walters v. State, 247 S.W.3d 204, 209 (Tex.Crim.App. 2007). The statement is a true statement of the law, however, that proposition is not dispositive of this case. The first question we must answer is, which element of the offense of those that the State is required to prove does the requested charge attach. 
 The elements of driving while intoxicated are 1) appellant, 2) on or about the date specified, 3) while intoxicated, 4) operated a motor vehicle, 5) in a public place. See Tex. Penal Code Ann. § 49.04 (Vernon 2003). Conspicuously absent from the statute defining driving while intoxicated is a requirement for a culpable mental state. The penal code provides that a culpable mental state is required, even if the offense does not prescribe one, unless the definition plainly dispenses with any mental state. See § 6.02(b). In answer to the requirement of section 6.02(b), the penal code provides that proof of a mental state is not required for conviction of an offense under chapter 49. See § 49.11.
 For this reason, the case law in Texas is unanimous that a trial court does not err when it refuses to give a jury charge on involuntary intoxication in a driving while intoxicated case. See Aliff v. State, 955 S.W.2d 891, 893 (Tex.App. -- El Paso 1997, no pet.), Nelson v. State, 149 S.W.3d 206, 211 (Tex.App. -- Fort Worth 2004, no pet.) The State directs the court to a subsequent case from the Fort Worth Court of Appeals that is factually very similar to the case before us. See Brown v. State, 290 S.W.3d 247, 250 (Tex.App. - Fort Worth 2009, pet. ref'd) (appellant in that matter had two drinks before taking Ambien and had no recollection of any of the events that transpired until he was having his blood drawn at the hospital). The Fort Worth court held that involuntary intoxication was not a defense to driving while intoxicated for four reasons: 1) legislature had not seen fit to include a culpable mental state in the offense; 2) the Texas Court of Criminal Appeals has declined to include a culpable mental state in the offense; 3) that court had previously followed the legislature and court of criminal appeals direction in the Nelson case; 4) all other Texas courts that had considered the question had come to the same conclusion. Id. We agree with our sister courts and find the trial court did not err when it denied appellant's request for a jury charge on the issue of involuntary intoxication.
 Because we find no error in the trial court's action, we do not need to address a conditional issue appealed by the State regarding the trial court's granting of an instruction on voluntariness.
 Conclusion
 
 
 Having found no error, we affirm the judgment of the trial court.

 Mackey K. Hancock
 Justice

Do not publish.