J-S18022-25

2025 PA Super 180

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HEATHER LYNN WHITCOMB | : | |
| | : | |
| Appellant | : | No. 1502 WDA 2024 |

Appeal from the Judgment of Sentence Entered November 21, 2024
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s):  CP-03-CR-0000822-2023

BEFORE:   DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

OPINION BY NICHOLS, J.:                    **FILED: August 20, 2025**

Appellant Heather Lynn Whitcomb appeals from the judgment of sentence imposed after she was found guilty of driving under the influence (DUI).[1]  Appellant contends that the trial court erred by failing to recognize involuntary intoxication as a cognizable affirmative defense to DUI under 75 Pa.C.S. § 3802(d)(2).  After careful review, we affirm.

The trial court set forth the following factual and procedural history:

This case arises from an August 11, 2023 incident in which [Appellant] exhibited unusual behavior at a gas station on U.S. Route 422.  A gas station employee noticed that [Appellant] was standing by the gas pumps for approximately 20 minutes.  Another gas station employee noticed that [Appellant] was swaying, and that she was not pumping gas or checking on her child, who was sitting in the back seat of her vehicle.  Concerned for the child, the gas station manager had another employee call 9-1-1.  Pennsylvania State Police (PSP) Trooper Patrick Carlson

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(d)(2).

responded and conducted field sobriety tests, which showed signs of impairment. Trooper Carlson transported [Appellant] to the PSP barracks, where [Appellant] was evaluated by a Drug Recognition Expert (DRE). A blood draw showed the presence of one controlled substance and several prescribed medications. As a result, [Appellant] was charged with [DUI under 75 Pa.C.S. §§ 3802(d)(2), (d)(1)(ii), and (d)(1)(iii) as well as careless driving under 75 Pa.C.S. § 3714(a)].

[The trial court] conducted a bench trial on August 29, 2024 [where it] acquitted [Appellant] of [careless driving and DUI under sections 3802(d)(1)(ii) and (iii) but] convicted her of [DUI under section 3802(d)(2).[2]]

Trial Ct. Op., 1/13/25, at 1-2.

On November 21, 2024, the trial court sentenced Appellant to seventy-two hours to six months' incarceration. Appellant filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a Rule 1925(a) statement addressing Appellant's claims.[3]

_____

[2] Section 3802(d)(2) states "[a]n individual may not drive, operate or be in actual physical control of the movement of a vehicle" if "[t]he individual is under the influence of a drug or combination of drugs to a degree which impairs the individual's ability to safely drive, operate or be in actual physical control of the movement of the vehicle." 75 Pa.C.S. § 3802(d)(2).

[3] We note that Appellant filed a notice of appeal on December 2, 2024. The following day, the trial court ordered Appellant to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b) within twenty-one days of the order. Appellant filed her statement of errors on January 8, 2025, which was fifteen days late.

While the trial court noted that Appellant's claim was waived for failing to file a timely statement of errors, it addressed the merits of Appellant's claim in its 1925(a) opinion. *See* Trial Ct. Op. at 2-3. Accordingly, we address the merits of Appellant's claim on appeal. *See Commonwealth v. Brown*, 145 A.3d 184, 186 (Pa. Super. 2016) (stating that "where the trial court addresses the issues raised in an untimely Rule 1925(b) statement, we need not remand but

*(Footnote Continued Next Page)*

Appellant's sole issue for our review is as follows:

Did the trial court err in failing to recognize involuntary intoxication as a cognizable affirmative defense to DUI in Pennsylvania?

Appellant's Brief at 4 (some formatting altered).

Appellant argues that involuntary intoxication is a cognizable defense to criminal conduct because 18 Pa.C.S. § 308, which "specifically stat[es] voluntary intoxication is not a defense to criminal activity, gives rise to the notion that involuntary intoxication may constitute a defense." *Id.* at 10 (emphases omitted). Additionally, Appellant argues that our decision in *Commonwealth v. Smith*, 831 A.2d 636 (Pa. Super. 2003), "left the status of involuntary intoxication open-ended as it relates to DUIs." *Id.* at 10-11.

Appellant's claim requires us to interpret 18 Pa.C.S. § 308, which raises a question of law. *See Commonwealth v. Rushing*, 99 A.3d 416, 420 (Pa. 2014). When interpreting a statute, our standard of review is *de novo* and our scope of review is plenary. *See id.*

Our Supreme Court has stated that in construing a statute, we rely on the Statutory Construction Act, 1 Pa.C.S. §§ 1501-1991. *See id.* at 423. Additionally:

_____

may address the issues on their merits" (citation omitted)); *Commonwealth v. Andrews*, 213 A.3d 1004, 1010 (Pa. Super. 2019) (explaining that this Court declined to find waiver where the trial court addressed the defendant's issues despite counsel's failure to file a timely statement of errors as that failure is *per se* ineffective assistance).

The objective of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. [1 Pa.C.S.] § 1921(a). The best indication of the legislature's intent is the plain language of the statute. When considering statutory language, "[w]ords and phrases shall be construed according to rules of grammar and according to their common and approved usage." *Id.* § 1903(a). Further, when the words of a statute are clear and unambiguous, there is no need to go beyond the plain meaning of the language of the statute "under the pretext of pursuing its spirit." *Id.* § 1921(b). Thus, only when the words of a statute are ambiguous, should a reviewing court seek to ascertain the intent of the General Assembly through considerations of the various factors found in Section 1921(c).[4]

*Id.* (some citations omitted).

---

4 Section 1921(c) states:

(c) When the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters:

    (1)    The occasion and necessity for the statute.

    (2)    The circumstances under which it was enacted.

    (3)    The mischief to be remedied.

    (4)    The object to be attained.

    (5)    The former law, if any, including other statutes upon the same or similar subjects.

    (6)    The consequences of a particular interpretation.

    (7)    The contemporaneous legislative history.

    (8)    Legislative and administrative interpretations of such statute.

1 Pa.C.S. § 1921(c).

When reviewing a statute, "we may not render language superfluous or assume language to be mere surplusage." *Commonwealth v. Durso*, 86 A.3d 865, 867 (Pa. Super. 2013) (citation omitted and some formatting changed). Further, we "apply the statute as it is written" and "should not insert words into a statute that are plainly not there." *Commonwealth v. Rivera*, 312 A.3d 366, 373 (Pa. Super. 2024) (citation omitted).

18 Pa.C.S. § 308 limits the defense of voluntary intoxication in this Commonwealth, and states:

> Neither **voluntary** intoxication nor **voluntary** drugged condition is a defense to a criminal charge, nor may evidence of such conditions be introduced to negative the element of intent of the offense, except that evidence of such intoxication or drugged condition of the defendant may be offered by the defendant whenever it is relevant to reduce murder from a higher degree to a lower degree of murder.

18 Pa.C.S. § 308 (emphases added).

Here, Appellant asks us to infer from Section 308 that **involuntary** intoxication is an available defense to DUI in Pennsylvania. *See* Appellant's Brief at 10. However, the statute is completely silent as to the defense of involuntary intoxication. Accordingly, in order to infer that involuntary intoxication is a defense from the plain language of the statute, we would be required to "insert words into [the] statute that are plainly not there." *Rivera*, 312 A.3d at 373 (citation omitted). Therefore, we conclude that Section 308's silence regarding involuntary intoxication does not inferentially create the defense of involuntary intoxication. Further, Appellant does not provide any

other statutory authority creating that defense. Accordingly, we conclude that there is no statutory support for the defense of involuntary intoxication in Pennsylvania.

Additionally, having concluded that there is no statutory support for the defense, we analyze whether a common law defense of involuntary intoxication, if it exists, would be applicable to DUI under 75 Pa.C.S. § 3802(d)(2).[5]

In her brief, Appellant relies on **Smith** to argue that this Court has left open the possibility of an involuntary intoxication defense to DUI. **See** Appellant's Brief at 11.

In **Smith**, the defendant was convicted of DUI and a related offense. **Smith**, 831 A.2d at 637. On appeal, Smith argued that "she established the affirmative defense of 'involuntary intoxication' thereby negating the state of mind necessary to support a conviction of DUI." **Id.** In support, the defendant claimed that she did not know the newly increased strength of her prescription medication would heighten the effects of alcohol she voluntarily consumed. **Id.** at 638-39. The **Smith** Court stated that the availability of an involuntary intoxication defense to DUI in Pennsylvania is unclear but that, if it existed,

---

[5] We note that multiple other jurisdictions have recognized a common law involuntary intoxication defense to various crimes. **See Dorsey v. State**, 480 P.3d 1211, 1219 (Alaska Ct. App. 2021) (stating "[t]he defense of involuntary intoxication is not codified in Alaska law, but both the Alaska Supreme Court and [the Alaska Court of Appeals] have recognized it as a common law defense"); **People v. Spears**, 13 N.W.3d 20, 35 (Mich. Ct. App. 2023) (explaining "[c]ommon-law affirmative defenses to murder include[, *inter alia*,] . . . involuntary intoxication" (citations omitted)).

the burden of proof would be on the defendant. *Id.* at 639 (citing *Commonwealth v. Collins*, 810 A.2d 698, 700 (Pa. Super. 2002)). The *Smith* Court explained that "[g]enerally speaking, many of the other jurisdictions that permit" an involuntary intoxication defense "do so premised upon the notion that [the accused] was temporarily rendered legally insane at the time he or she committed the offense." *Id.* The Court also noted that the involuntary intoxication defense functions similarly to the insanity defense in that a defendant "is excused from criminality because intoxication affects the ability to distinguish between right and wrong." *Id.* at 639 n.2 (citations omitted).

The *Smith* Court summarized four situations in which other jurisdictions allow for an involuntary intoxication defense, which included, *inter alia*, "where unexpected intoxication results from a medically prescribed drug." *Id.* at 639 (citation omitted). The Court concluded that, even if the defense existed in this Commonwealth, Smith had voluntarily consumed alcohol with her prescriptions and was, therefore, unable to establish the defense. *Id.* at 640. Further, the Court concluded that, without expert testimony explaining that the combination of prescription medication and alcohol could cause extreme intoxication, Smith's "self-serving statements" that she was unaware of the possible interaction was insufficient to establish the defense. *Id.* at 641.

The *Smith* Court's brief description of the law of other jurisdictions is accurate. Jurisdictions recognizing an involuntary intoxication defense do so when the involuntary intoxicant renders a person unable to understand that

- 7 -

"his conduct was wrong or [he] was incapable of conforming his conduct to the requirements of the law he allegedly violated." ***Brown v. State***, 290 S.W.3d 247, 250 (Tex. App. 2009) (citation omitted); ***see also State v. Gurule***, 252 P.3d 823, 828 (N.M. Ct. App. 2011) (stating "involuntary intoxication is only a defense in New Mexico when the defendant's intent . . . is negated by the intoxication to the extent that the defendant did not understand the consequences of the action or did not know the act was wrong"); ***State v. Hammond***, 571 A.2d 942, 946 (N.J. 1990) (stating that involuntary intoxication is only a defense if it renders defendant unable "to appreciate [the] wrongfulness [of his conduct] or to conform his conduct to the requirement of law"); ***Dorsey***, 480 P.3d at 1219-21 (explaining there are several situations where involuntary intoxication may form a defense in Alaska including where it negates the *mens rea*, where it negates the *actus reus* by making defendant's acts involuntary,[6] and where it places the defendant in a state of legal insanity); ***City of Minneapolis v. Altimus***, 238 N.W.2d. 851, 855 (Minn. 1976) (explaining that at common law involuntary intoxication was treated separately from voluntary intoxication and became a defense to criminal liability only when it caused "the defendant to become temporarily insane").

---

[6] We have previously held that the requirement for a voluntary act under 18 Pa.C.S. § 301 is not applicable to our state's DUI laws under Title 75. ***See Collins***, 810 A.2d at 702-03.

Additionally, the suggested standard jury instruction for involuntary intoxication published by the Pennsylvania Bar Institute suggests that the defense, should it exist in this Commonwealth, would follow the same contours as other jurisdictions where involuntary intoxication mirrors the jurisdiction's test for legal insanity. **Compare** Pa. SSJI (Crim) § 8.308C(2) (stating "involuntary intoxication is available . . . if at the time of committing an act, the person's faculties were so impaired as the result of involuntary intoxication that the person was unable to understand the nature and quality of his or her act or to distinguish between right and wrong") **with** 18 Pa.C.S. § 315(b) (defining "legally insane" as meaning "that, at the time of the commission of the offense, the actor was laboring under such a defect of reason, from disease of the mind, as not to know the nature and quality of the act he was doing or, if the actor did know the quality of the act, that he did not know that what he was doing was wrong").

Under the test Pennsylvania employs for legal insanity, there are two prongs: the cognitive incapacity prong and the moral incapacity prong. **Commonwealth v. Andre**, 17 A.3d 951, 959 (Pa. Super. 2011). We have previously explained that "[w]here the defendant alleges that he did not know what he was doing, he is presenting a cognitive incapacity insanity defense. On the other hand, if the defendant submits that he did not understand that what he was doing was wrong, he is advancing a moral incapacity defense." **Id.** Further, "cognitive incapacity[] render[s] a person incapable of forming criminal intent[,]" and moral incapacity "override[s] the element of *mens rea*

where the defendant proves the moral incapacity aspect of his defense by a preponderance of the evidence." *Id.* at 961 (footnote omitted). In other words, both prongs of the insanity defense in Pennsylvania implicate a defendant's *mens rea*. *See id.*

Because the defense of involuntary intoxication implicates the ability to form a requisite *mens rea*, other jurisdictions have held that it is inapplicable to their strict liability DUI offenses, which do not require a culpable mental state. *See Brown v. State*, 290 S.W.3d at 250-51; *Gurule*, 252 P.3d at 828-29; *Hammond*, 571 A.2d at 946-47; *see also State v. Weller*, 208 P.3d 834, 836 (Mont. 2009) (stating the trial court did not abuse its discretion by failing to give an involuntary intoxication instruction because it was unnecessary where the DUI statue was a strict liability offense). We have previously held that 75 Pa.C.S. § 3802(d)(2) is a strict liability statue with no *mens rea* element that does not require the establishment of criminal culpability. *See Commonwealth v. Macik*, 319 A.3d 529, 535-36 (Pa. Super. 2024), *appeal denied*, 332 A.3d 770 (Pa. 2025).

Accordingly, the defense of involuntary intoxication, if it exists in this Commonwealth, would either render a defendant incapable of forming a *mens rea* or would override the defendant's *mens rea*. *See Andre*, 17 A.3d at 961; Pa.SSJI (Crim) § 8.308C(2). However, Section 3802(d)(2) does not require a culpable mental state for a finding of guilt. *See Macik*, 319 A.3d at 535-36. Therefore, an involuntary intoxication defense is inapplicable to Section

3802(d)(2) as DUI under that section does not require any culpable mental state.

Because we do not find support in either the statutory or common law in this Commonwealth, we hold that involuntary intoxication, should it exist as a defense, does not apply to 75 Pa.C.S. § 3802(d)(2). Accordingly, the trial court did not err by failing to recognize this defense. No relief is due.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 08/20/2025