

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-12-00515-CR
_____

FRANK NAVARRO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2012-436251; Honorable Jim Bob Darnell, Presiding

September 15, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Following a plea of not guilty, Appellant, Frank Navarro, was convicted by a jury of driving while intoxicated, third or more, a third-degree felony.[1] Punishment was enhanced to that of a first degree felony by virtue of two prior felony convictions.[2] The jury assessed a sentence of ninety-nine years confinement. By a sole issue, Appellant

---

[1] TEX. PENAL CODE ANN. §§ 49.04(a), 49.09(b)(2) (West Supp. 2014).

[2] TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2014).

contends the court's charge impermissibly shifted the burden of proof by requiring him to disprove one of the prior driving while intoxicated offenses used to enhance this particular offense to a felony offense. While the State concedes the particular instruction was erroneous, because we find the error was not egregious, we affirm.

## BACKGROUND

On the afternoon of March 19, 2012, Homeland Security Investigation agents driving in an unmarked truck from Idalou to Lubbock observed a Ford Explorer coming up on them at a high rate of speed. They took evasive action and moved to the shoulder of the road to allow the vehicle to pass. At that moment, one of the agents observed the driver drinking from a gold-colored can.[3] They followed the driver and observed him commit several traffic violations, run over a median and avoid multiple near-miss collisions. They called 911 and reported this activity to the Texas Department of Public Safety. They then activated their vehicle's lights and sirens to follow the vehicle and alert other drivers. The vehicle finally stopped at an apartment complex where Appellant exited the vehicle and urinated in the parking lot. When Appellant returned to his vehicle as if to drive away the agents positioned their vehicle so as to block him in. Appellant was then detained and handcuffed until local police officers could respond.

Officer Joshua Franco responded to the call. Another officer was already at the scene and had taken custody of Appellant. After Appellant was identified, he refused to take standard field sobriety tests. After a determination that Appellant was intoxicated,

---

[3] The can was later identified as a Miller High Life tall boy.

2

Officer Franco asked for a specimen and Appellant again refused. When a criminal history check revealed two or more prior convictions for driving while intoxicated, Appellant was transported to a local hospital for a mandatory blood draw.[4] The blood was delivered by Officer Franco to the Texas Department of Public Safety laboratory for testing. Results showed Appellant's blood alcohol concentration was 0.274 grams of alcohol per 100 milliliters.[5]

Appellant was indicted for driving while intoxicated, enhanced to a felony as the result of two prior driving while intoxicated convictions. The range of punishment was also enhanced by two prior felony convictions. Following a finding of guilt and the assessment of sentence, Appellant appealed. By a sole issue, Appellant alleges he was egregiously harmed by error in the court's charge. He asserts the charge impermissibly shifted the burden of proof to him to prove beyond a reasonable doubt that he had *not* been previously convicted of operating a motor vehicle in a public place while intoxicated. While the State contends that the charge did not shift the burden of proof, it concedes the charge is erroneous but argues the error was harmless. We agree the charge is erroneous but conclude the error did not cause Appellant egregious harm.

## ANALYSIS

After defining the elements of the offense of driving while intoxicated and the three grades of the offense depending on the number of prior driving while intoxicated convictions, the court's charge contains three separate application paragraphs: (1)

---

[4] *See* TEX. TRANSP. CODE ANN. § 724.012(b)(3)(B) (West 2011).

[5] The legal limit in Texas is .08. *See* TEX. PENAL CODE ANN. § 49.01(2)(B) (West 2011).

3

Paragraph Five pertinent to felony driving while intoxicated (i.e., two prior convictions), (2) Paragraph Six pertinent to Class A driving while intoxicated (i.e., one prior conviction), and (3) Paragraph Seven pertinent to Class B driving while intoxicated (i.e., no prior conviction).

Paragraph seven of the court's charge instructed the jury as follows:

> if you find from the evidence beyond a reasonable doubt that on or about March 29, 2012 . . . the defendant did then and there operate a motor vehicle in a public place while intoxicated, but you further find from the evidence beyond a reasonable doubt that the defendant, previously thereto, had *not* been convicted of the offense of operating a motor vehicle in a public place, while intoxicated, then you will find the defendant guilty of the offense of unlawfully operating a motor vehicle in a public place while intoxicated . . . .

(Emphasis added). Appellant asserts this instruction shifted the burden of proof to him to prove beyond a reasonable doubt he had *not* been previously convicted of driving while intoxicated before the jury could consider the lesser-included Class B misdemeanor offense. Appellant did not object to the charge. Given the State's concession of error, we proceed to conduct a harm analysis for egregious error pursuant to *Almanza v. State*, 686 S.W.2d 157, 172 (Tex. Crim. App. 1984) (op. on reh'g).

## STANDARD OF REVIEW—UNOBJECTED-TO CHARGE ERROR

Unobjected-to charge error is reversible if it is so egregious and creates such harm that it deprives the accused of a "fair and impartial trial." *See Almanza*, 686 S.W.2d at 172. *See also Trejo v. State*, 280 S.W.3d 358, 261 (Tex. Crim. App. 2009). Errors that result in egregious harm are those that affect "the very basis of the case,"

"deprive the accused of a valuable right," or "vitally affect his defensive theory." *See Almanza*, 686 S.W.2d at 172. *See also Sanchez v. State*, 209 S.W.3d 117, 121 (Tex. Crim. App. 2006).

When reviewing harm resulting from charge error, an appellate court must determine harm in light of four factors: (1) the entire jury charge, (2) the state of the evidence, including contested issues and the weight of probative evidence, (3) the arguments of counsel, and (4) any other relevant information revealed by the record of the trial as a whole. *See Almanza*, 686 S.W.2d at 174. *See also Ngo v. State,* 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Additionally, there is no burden of proof or persuasion in a harm analysis conducted under *Almanza*.

(1) The Entire Jury Charge

The trial court is required to provide the jury with "a written charge distinctly setting forth the law applicable to the case." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). Because the charge is the instrument by which the jury convicts, it must contain an accurate statement of the law and must set out all the essential elements of the offense. *Vasquez v. State*, 389 S.W.3d 361, 366 (Tex. Crim. App. 2012).

The court's charge in the guilt/innocence phase is lengthy and, as previously stated, includes instructions on different levels of driving while intoxicated—a Class B misdemeanor, a Class A misdemeanor and a third degree felony.[6] The Class A and Class B offenses are presented as lesser-included offenses, only applicable if the jury is not unanimously convinced of the greater offense.

---

[6] TEX. PENAL CODE ANN. §§ 49.04(b), 49.09(a), (b)(2).

Here, the error occurs in paragraph seven, the application paragraph for a Class B misdemeanor, which the jury would have reached only if it had failed to reach a unanimous verdict on the original charge of felony driving while intoxicated. Furthermore, paragraph seven notwithstanding, paragraph twelve instructs the jury to consider the charge as a whole and paragraph seventeen instructs the jury that Appellant does not have to prove his innocence or produce any evidence at all, and the State has the burden of proving his guilt by proving each and every element beyond a reasonable doubt. Absent evidence to the contrary, we presume the jury understood and followed the court's charge. *Gelinas v. State*, 398 S.W.3d 703, 706 (Tex. Crim. App. 2013). While the inadvertent inclusion of the word "not" certainly could have been misleading, we find that a reading the charge in its entirety weighs against the likelihood of confusion and a finding of egregious harm.

(2) The State of the Evidence

Driving while intoxicated is a strict liability crime—it does not require a specific mental state, only a person operating a motor vehicle on a public roadway while intoxicated. *See Farmer v. State*, 411 S.W.3d 901, 905 (Tex. Crim. App. 2013) (citing *Owen v. State*, 525 S.W.2d 164, 164-65 (Tex. Crim. App. 1975)). Driving while intoxicated may be supported by circumstantial evidence if there is a temporal link between an accused's intoxication and his driving. *See Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010). *See also Smithhart v. State*, 503 S.W.2d 283, 285 (Tex. Crim. App. 1973).

Appellant contested the charge against him. He entered a plea of not guilty to the primary offense and pleas of not true to the two enhancement allegations.[7] The State presented evidence of Appellant's erratic and dangerous driving pattern as witnessed by the Homeland Security Investigation agent. That agent was previously employed as a Florida Highway Patrol Officer and, as such, had prior experience responding to driving while intoxicated calls. Testimony also established Appellant smelled of alcohol and had numerous containers of beer in his vehicle. A chemist for the Texas Department of Public Safety testified that Appellant's blood alcohol content was 0.274, more than three times the legal limit in Texas.

Furthermore, of significance to the alleged error, an investigator for the prosecution with expertise in fingerprints linked Appellant to two prior driving while intoxicated convictions through certified copies of judgments which were admitted into evidence. The probative evidence of the primary offense and the two prior driving while intoxicated convictions weighs heavily against a finding of egregious harm.

(3) The Arguments of Counsel

During *voir dire*, the State acknowledged its burden to prove all elements of the indicted offense, including the two prior convictions, beyond a reasonable doubt. The prosecutor stated that the burden never shifts to the defendant. Defense counsel likewise stated the burden was on the State to prove all elements beyond a reasonable doubt. During closing arguments, the prosecutor explained the State was required to prove the contents of paragraph five of the charge, which instructed the jury on the

---

[7] During the punishment phase, Appellant entered pleas of true to the enhancement allegations and instructed defense counsel not to object or contest other judgments when offered into evidence.

primary offense with two prior driving while intoxicated convictions. The prosecutor further explained that if the jury rejected the two priors, it could then consider the lesser-included offenses, including the possibility that Appellant had no priors. Both the prosecutor and defense counsel reiterated during closing arguments that the burden of proof was always on the State to prove every element of the offense beyond a reasonable doubt. Accordingly, the arguments of counsel weigh against a finding of egregious harm.

(4) Any Other Relevant Information

Prior to *voir dire*, the trial court instructed the jury that the State was required to prove the driving while intoxicated offense alleged, as well as the two prior driving while intoxicated convictions. The court continued that Appellant did not have to prove his innocence or produce any evidence at all. The jury did not ask any questions during deliberations and those deliberations were not lengthy. There is no indication of any confusion by the jury or even consideration of the lesser-included offenses. The jury's rejection of the lesser-included offenses rendered the erroneous instruction in paragraph seven harmless. The State established beyond a reasonable doubt the elements of the primary offense of driving while intoxicated and the two prior driving while intoxicated convictions. As such, this factor also weighs against a finding of egregious error.

In balancing the four *Almanza* factors, we conclude the error in paragraph seven of the charge did not affect the very basis of Appellant's case, deprive him of a valuable

8

right, or vitally affect a defensive theory.  Appellant has not demonstrated the lack of a fair and impartial trial resulting in egregious harm.  His sole issue is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle
Justice

Do not publish.